**Alva B. HARPER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13157.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 19, 1956.

Decided Nov. 21, 1956.

Mr. William S. Thompson and Joseph P. McCormick, Washington, D. C., for appellant.

Mr. Richard J. Snider, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, and Victor Caputy, Asst. U. S. Attys., were on the brief for appellee. Mr. Nathan J. Paulson, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

Appellant, a physician, was found guilty by a jury of producing an abortion in violation of D.C.Code, § 22–201 (Supp. III, 1951).

When appellant took the stand in his defense, the trial judge allowed the prosecutor to cross-examine him as to alleged abortions other than that charged in the indictment and, when he denied such oth-

er abortions, the trial judge permitted the women upon whom those other abortions had allegedly been performed to take the stand and contradict him. Appellant's principal contention on this appeal is that it was error to receive evidence of offenses not charged in the indictment.

We stated the applicable rule of law as follows in Fairbanks v. United States, 1955, 96 U.S.App.D.C. 345, 347, 226 F.2d 251, 253:

"The general rule is that upon the trial of an accused person the prosecution may not introduce evidence of another offense wholly independent of the one charged. However, there are many well established exceptions to this rule, so numerous that it has been said that it is difficult to determine which is the more extensive, the doctrine or the acknowledged exceptions. This Court has admitted evidence of other criminal acts when those acts (1) are so blended or connected with the one on trial that proof of one incidentally involves the other, (2) they explain the circumstances of the offense charged, or (3) they tend logically to prove any element of that offense. (There are other exceptions to the general rule not here relevant.)"[1]

Such a statement of the law—in terms of a general rule and specific exceptions—is convenient. Sometimes, however, it is helpful to analyze the law into its basic elements. Thus analyzed, the rule is that evidence of other offenses is admissible when substantially relevant to the offense charged; inadmissible when its relevance is insignificant; and, in borderline cases, admissible when its relevance outweighs the undue prejudice that may flow from it, but otherwise inadmissible. Stone, The Rule of Exclusion of Similar Fact Evidence: America, 51 Harv.L.Rev. 988 (1938); Lacy, Admissibility of Evidence of Crimes not Charged in the Indictment, 31 Ore.L.Rev. 267 (1952).

Evidence that the accused has committed another crime may often be said to be relevant to whether he has committed the crime charged, even where the two crimes are of completely different character. On the other hand, evidence of other offenses always carries with it the danger of undue prejudice. Instead of giving the evidence its properly limited probative value, the jury may leap from the fact of commission of one crime to the conclusion of commission of the other. Thus, in a mail fraud case, for example, the jury would be likely to convict the accused simply because he is a murderer, rather than place the fact of the murder on the scales along with all the other evidence to determine whether the fraud charged in the indictment has been committed. Evidence tending to prove merely criminal disposition is excluded because of the likelihood that it would weigh too heavily with the jury. Stone, supra, at 989.

The determination of whether or not a particular piece of evidence is likely to weigh too heavily with the jury necessarily depends upon the judge's view of the proper probative force of the evidence. The purpose for which the evidence is offered is of great concern in this connection, for what is highly probative on the issue of the intent with which an act was done may have negligible value in proving that the act was done. As Professor Wigmore puts it:

"The clue to the difference is best gained by remembering that in the one class of cases the act charged is assumed as done, and the mind asks only for something that will negative innocent intent; and the mere prior occurrence of an act similar in its gross features—i.e. the same doer, and the same sort of act, but not necessarily the same mode of acting nor the same sufferer—may suffice

---

1. See also Burge v. United States, 1906, 26 App.D.C. 524, 536; and People v.

Molineux, 1901, 168 N.Y. 264, 61 N.E. 286, 294, 62 L.R.A. 193, cited therein.

for that purpose. But where the very act is the object of proof, and is desired to be inferred from a plan or system, the combination of common features that will suggest a common plan as their explanation involves so much higher a grade of similarity as to constitute a substantially new and distinct test." 2 Wigmore, Evidence 204 (3rd ed., 1940).

In the instant case, the theory upon which the trial court received the evidence of the other abortions seems to have been either variable or somewhat ambiguous.[2] The record discloses, however, that the evidence was given to the jury solely upon the issue of appellant's intent.[3] The only question, therefore, is whether, on that issue, the evidence is of sufficient probative value to outweigh any undue prejudice that might arise.

 The complaining witness testified that the appellant agreed to perform an abortion upon her and that he did so in his examining room in a manner described by her and with the use of a speculum and the injection of "a medicine." Appellant, testifying in his own defense, admitted treating the complaining witness at the time and place alleged by her and in the manner described by her, but claimed that the drug administered was designed to prevent bleeding rather than to abort, and that he had never agreed to perform an abortion and did not intend to do so. In rebuttal the prosecution introduced the testimony of two other women, each claiming that the appellant had agreed to and did perform an abortion upon her in substantially the same manner as that described by the complaining witness, one shortly before and the other shortly after the abortion here involved. On the conflicting testimony of the complaining witness and the appellant, the issue was not what the appellant had done to her, but rather whether it was done to her for the purpose of aborting her. Had the performance of the treatment been in issue, the evidence of the other abortions might have been more prejudicial than probative. The act being conceded, however, and the only issue being whether its purpose was to abort, the highly direct relevance of the evidence to "negative innocent intent" is sufficient to overcome the objection to the corresponding prejudice. We hold, therefore, that the admission of the evidence was not error. The other grounds of reversal urged by appellant have been examined and found without merit.

Affirmed.

DANAHER, Circuit Judge (concurring).

I agree that the evidence of the other abortions was admissible on the issue of "intent," for such evidence tended logically to establish an element of the offense charged. I do not understand that the result would be otherwise if the performance of the treatment had been in issue. See, generally, for discussion of the applicable tests, Fairbanks v. United States, 1955, 96 U.S.App.D.C. 345, 347, 226 F.2d 251, 253 and the cases cited, both in the majority and dissenting opinions; 2 Wigmore, Evidence § 359 (3d ed. 1940).

---

2. The judge first declared the evidence admissible "to show a common design." Next he said it was admitted "to show an intent and a design to perform abortions." Thereafter, he said it was admitted "just to show intent" and "for the narrow purpose of showing intent." In the charge to the jury, the court referred to the evidence as admitted "solely for the purpose of assisting you in determining whether or not the defendant had an intent to procure a miscarriage of Theadora Gibson as charged in the indictment." Finally, in the opinion denying the motion for a new trial, the court said it had admitted the evidence "solely on the issue of the defendant's intent to perform an abortion of the complaining witness."

3. Of the judge's numerous statements as to the ground of admissibility of the evidence, the only one heard by the jury, in addition to that contained in the charge, was the one that the evidence was admitted "to show an intent and a design to perform abortions." The word "design," in this context, is apparently synonymous with "intent."