**UNITED STATES of America**

v.

**Daniel Elbert WHITE.**

**No. 11–842.**

United States District Court
E. D. Virginia,
Norfolk Division.

Oct. 29, 1957.

William F. Davis, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

W. L. Forbes, Norfolk, Va., for petitioner, Daniel Elbert White.

WALTER E. HOFFMAN, District Judge.

On November 25, 1955, the petitioner herein appeared before this Court and tendered his plea of guilty to a four count indictment charging violations of the Internal Revenue laws.  The first count alleged that petitioner unlawfully and feloniously had in his custody and under his control a certain distilling apparatus setup which had not been registered in accordance with the law, which distilling apparatus was designed and intended to be used for the unlawful distillation of spirits, contrary to the provisions of § 2810, Title 26 U.S.C. Under the second count of the indictment, petitioner was charged with unlawfully and feloniously carrying on the business of a distiller without having given bond as required by law, in accordance with the provisions of § 2833, Title 26 U.S.C. Petitioner is charged in the third count, with unlawfully and feloniously making and causing to be fermented a certain quantity of mash fit for distillation and the production of spirits, on certain premises not authorized for a distillery as provided by law,

contrary to the provisions of § 2834, Title 26 U.S.C. The final count of the indictment charges petitioner, in violation of § 2803(a) and § 2803(g), Title 26 U.S.C., with unlawfully and feloniously having in his possession certain goods and commodities for and in respect whereof a certain tax was imposed, the immediate containers thereof not having a stamp affixed denoting the quantity and evidencing the payment of all internal revenue taxes imposed on such spirits, with intent to defraud the United States of such tax.

On the first count of the indictment the Court imposed a sentence of two years, as well as a fine and penalty in accordance with the statute. Similarly, on the second count of the indictment, the Court imposed a sentence of two years, same to run consecutively with the sentence imposed under count number one. The Court fixed a joint sentence for counts three and four, said sentence being for a period of one year and to run consecutively with the sentences imposed under the first and second counts. While it is unnecessary to justify the length of the sentence imposed in this case, it will be noted that the petitioner has a long record as a violator of Internal Revenue laws relating to illegal whiskey operations.

Petitioner has filed a motion to vacate the sentences imposed by this Court on November 25, 1955, pursuant to the provisions of § 2255, Title 28 U.S.C., on the grounds that all of the alleged offenses arose out of the same transaction, and that cumulative sentences under the four-count indictment constitute double punishment for the same offense and, as such, are illegal under the Fifth Amendment of the Constitution. Reliance is placed upon Munson v. McClaughry, 8 Cir., 198 F. 72, 74, and Halligan v. Wayne, 9 Cir., 179 F. 112. In the latter case, the court held that where one is indicted under separate counts and convicted of burglary of a post office with intent to commit a larceny thereof, and also convicted of larceny at the same time as a part of the

same transaction, he can be lawfully punished for burglary only; the theory being that the burglary and larceny were parts of a single continuous act, inspired by the same single criminal intent, provable by the same evidence, and the lesser crime should be merged with the major crime. The Munson case follows a similar line of reasoning where the petitioner was given a cumulative sentence for forcibly breaking into a building used as a post office with intent to commit larceny in said building and, under a separate count, for stealing postage stamps and other property belonging to the Post Office Department of the United States from the same building, and at the same time that he committed the offense of breaking with intent to commit larceny charged in the first count of the indictment. The court there held:

"A criminal intent to commit larceny of property of the government is an indispensable element of each of the offenses of which the petitioner was convicted, and there can be no doubt that where one attempts to break into or breaks into a post office building with intent to commit larceny therein, and at the same time commits the larceny, his criminal intent is one, and it inspires his entire transaction, which is itself in reality but a single continuing criminal act."

The United States Supreme Court has had occasion to touch upon the question presented herein in several cases, the most recent being Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, in which the grand jury returned a two-count indictment against the petitioner charging, in the first count, robbery of a federal bank and, in the second count, entering the bank with intent to commit a felony. The district judge imposed a sentence of twenty years for robbery and fifteen years for entering. The sentences were directed to be served consecutively. The Supreme Court, in interpreting the intent of

Congress, held that the offenses of unlawful entry and robbery were not consecutively punishable in a typical bank robbery situation. It should be noted, however, that the court's opinion is limited to an interpretation of the Bank Robbery Act passed in 1934, as amended by the Act of 1937.[1] In effect, the court held that the crime of entering a bank with intent to commit a robbery was merged with the crime of robbery when the latter act was actually consummated.

In Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 647, 91 L.Ed. 818, the United States Supreme Court, in commenting on the Internal Revenue statutes relating to liquor traffic, had this to say:

> "The Internal Revenue statutes have broken down the various steps and phases of a continuous illicit distilling business and made each of them a separate offense. Thus, these statutes have clearly carved out the conduct of making mash as a separate offense, thereby distinguishing it from the other offenses involving other steps and phases of the distilling business. Consequently, testimony to prove this separate offense of making mash must point directly to conduct within the narrow margins which the statute alone defines. One who neither engages in the conduct specifically prohibited, nor aids and abets it, does not violate the section which prohibits it."

The foregoing statement puts at rest the question as to whether the alleged violations of the Internal Revenue laws in the instant proceeding are, in fact, separate and distinct offenses. It is apparent that there must be proof of certain facts under one count of the indictment which becomes unnecessary under other counts of the indictment. Under no circumstances could there be a merger of one offense into the other.

While not precisely in point, the case of Pifer v. United States, 4 Cir., 158 F.2d 867, is somewhat analogous. Pifer was convicted under two indictments, one of which charged interstate transportation of a stolen motor vehicle, and the other charged the crime of concealing and storing the same vehicle. The court held that, where the same act or transaction constitutes a violation of two distinct statutory provisions, prosecution may be sustained under both where each requires proof of a fact which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. To the same effect is Newman v. United States, 6 Cir., 212 F.2d 450, 452, in which it is stated:

> "It is well settled that separate offenses may arise out of the same transaction, the test being whether one of the alleged offenses requires proof of some fact or element not required to establish the other. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Schmeller v. United States, 6 Cir., 143 F.2d 544, 549. If different or additional evidence is required the two offenses are separate and separate sentences may be imposed for each offense. Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306. If the same evidence will prove both of the alleged offenses, separate sentences cannot be imposed. Mathis v. United States, 6 Cir., 200 F.2d 697; Rutkowski v. United States, 6 Cir., 149 F.2d 481."

Under the doctrine enunciated in Bozza v. United States, supra, it is manifest that different or additional evidence is required to prove the various offenses charged in the indictment returned against this petitioner. For these reasons, the consecutive sentences were legally imposed and the motion to vacate said sentences must be denied.

---

1. Now 18 U.S.C.A. § 2113.