**Isaac Allen COSTNER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13773.**

United States Court of Appeals
Sixth Circuit.

Oct. 22, 1959.

three-count indictment with (1) possession of a 300-gallon still which had not been registered according to law, (2) engaging in the business of a distillery without having given the required bond and (3) fermenting 275 gallons of mash fit for distillation in violation of Title 26, §§ 5174(a), 5606 and 5216, respectively, of United States Code.

Majjesie entered a plea of guilty.

Appellant waived a jury and was tried by the Court. He was convicted on all three counts of the indictment. He was sentenced to two years imprisonment on the first and second counts, to be served concurrently, and one year and five months on the third count, to be served consecutively after the sentences on counts one and two had been served.

Appellant was represented by counsel of his own choosing in the District Court and in this Court by counsel assigned by the Court. He filed his own brief in this Court.

Twelve questions were presented here by the appellant, many of which have no bearing on the issues in this case.

The principal error relied on in argument was that the judgment of conviction was not sustained by sufficient evidence.

■ A motion for judgment of acquittal was made by appellant at the close of the Government's evidence. It was not renewed at the close of all the evidence.

■ Under the circumstances this Court was not required to review the evidence. Picciurro v. United States, 8 Cir., 250 F.2d 585. While not obliged to do so, we have, nevertheless, examined the record and find no merit in appellant's contention as there was ample evidence to support each and every element of the several offenses.

The District Court had before it eyewitnesses who saw appellant purchase quantities of sugar and grain at different stores. He also purchased a pressure tank, still parts and half-gallon jars which he transported to the site where he constructed and operated the still.

Robert I. Doggett, Cincinnati, Ohio, for appellant.

Russell E. Ake, U. S. Atty., argued by James Sennett, Jr., Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

Appellant and one Barney Majjesie were charged in the District Court in a

His own partner in the venture, Barney Majjesie, testified against him. A Government chemist determined that the mash had an alcoholic content of 3.4% by volume.

Appellant also testified as a witness in his own behalf and denied the material charges in the indictment.

He did not recall buying as much sugar as was claimed, but did admit purchasing some supplies for Majjesie, including sugar sweepings. He was arrested on the scene by Government agents who had a search warrant.

It was for the trial judge to determine who to believe under the circumstances and we cannot say from this record that he was wrong.

■ Appellant next contends that only one offense was committed and that the sentence on the third count should have been made to run concurrently with the sentences on counts one and two. In our judgment, different evidence was required to establish count three. It was, therefore, a separate offense. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; Newman v. United States, 6 Cir., 212 F.2d 450; United States v. White, D.C., 156 F.Supp. 37.

■ Appellant further contends that his sentences were excessive. This was a matter solely within the province of the District Judge and with which we have no right to interfere so long as they were within the statutory limit. Hunter v. United States, 6 Cir., 149 F.2d 710 certiorari denied 326 U.S. 787, 66 S.Ct. 472, 90 L.Ed. 478. The Court had the right to take into account appellant's past criminal record which included two violations of the National Prohibiton Act and one robbery of the mails for which he received a sentence of 25 years in 1934. He has admitted violating his conditional release.

We have considered the other errors charged and find them to be without substance.

The judgment of the District Court is affirmed.