Willie YOUNG, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17371.

United States Court of Appeals
Ninth Circuit.

Jan. 5, 1962.

Rehearing Denied Jan. 29, 1962.

Julian C. Dewell, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Jeremiah M. Long, Douglas M. Fryer, Asst. U. S. Attys., Seattle, Wash., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and SOLOMON, District Judge.

SOLOMON, District Judge.

Willie Young appealed from a judgment of conviction and sentence imposed after a jury found him guilty on nine counts of an indictment charging him with violating federal narcotics laws.[1]

In 1958, John Sousa, a narcotics addict and informer, told federal narcotics agents in Seattle, Washington, that appellant was selling heroin. On May 1, 2 and 8 of that year, these agents, together with Seattle police officers, searched Sousa, gave him marked money, and then transported him to a point near the apartment in which appellant resided.

1. Counts I, II and III charge that the appellant, on May 1, 1958, received and concealed heroin in violation of 21 U.S.C.A. § 174; sold heroin not in or from the original stamped package in violation of 26 U.S.C. § 4704(a); and sold heroin without a government form in violation of 26 U.S.C. § 4705(a); Counts IV, V and VI and Counts VII, VIII and IX charge that the appellant committed the same offenses on May 2 and May 8, respectively.

On May 1, the agents watched Sousa from the time he left them until he disappeared inside the apartment building and from the time he came out until he rejoined them. Some of them saw appellant open the outer door of the apartment building when Sousa entered. This door opened into a hall which led to two apartments, one of which appellant occupied. Sousa came out of the apartment a few moments after entering, and again the agents saw appellant open the outer door. Sousa returned directly to the agents and delivered to them a small package of white powder later identified as heroin. On May 2, they saw Sousa enter the outer apartment door, and a few moments later leave through the same door with a package of heroin.

On May 8, Sousa made a similar purchase, but on this occasion, as Sousa was leaving, the narcotics agents entered the apartment and arrested the appellant. One of the officers testified that a warrant for appellant's arrest had previously been issued. In the search which accompanied this arrest, the agents found $85 in marked currency which they had furnished Sousa on May 1 and 2, as well as on May 8, to purchase heroin from appellant. A portion of the money was found on appellant's person and the balance on the floor nearby.

The appellant did not testify nor did he present any evidence.

Appellant contends that the District Court erred in failing to give a specific instruction as to the credibility of an informer. Although appellant did not offer such an instruction and did not object to the court's general instructions on the credibility of witnesses, he asserts that the failure to give such an instruction was plain error and may be raised on appeal under Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.

■■ Although it may be error to refuse a specific instruction on the credibility of an informer where one is offered, particularly where the defendant is not connected with the crime by independent evidence, Fletcher v. United States, 1946, 81 U.S.App.D.C. 306, 158 F.2d 321; United States v. Masino, 2 Cir. 1960, 275 F.2d 129; it is not error to omit a specific instruction regarding an informer's testimony if none is requested and there are no objections to the court's instructions. Cratty v. United States, 1947, 82 U.S.App.D.C. 236, 163 F.2d 844; Walker v. United States, 5 Cir. 1960, 285 F.2d 52; see also Mims v. United States, 9 Cir. 1958, 254 F.2d 654. In this case, unlike Fletcher, the informer's testimony was corroborated in practically every detail by the federal narcotics agents and the Seattle policemen who participated in appellant's arrest and by the bindles of heroin and the marked money which were received in evidence.

■ Appellant next contends that the District Court erred in allowing the government to prove the existence of a warrant for his arrest by oral testimony. This objection was not made at the trial and cannot be raised for the first time on appeal. Fiano v. United States, 9 Cir. 1959, 271 F.2d 883. Moreover, it is immaterial whether an arrest warrant was issued because there were reasonable grounds to arrest the appellant without a warrant under 26 U.S.C. § 7607. The narcotics agents had already received two bindles of heroin purchased from the appellant, and these furnished a stronger basis for a finding of probable cause than did the unverified tip of a reliable informer, which was held sufficient in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Since the arrest was lawful, the accompanying search of appellant's person and apartment was reasonable and the marked money was properly admitted. United States v. Rabinowitz, 339 U.S. 56, 70 S. Ct. 430, 94 L.Ed. 653 (1950).

There is no merit in appellant's final contention that the search of the informer's person prior to his purchase of the narcotics was inadequate. He testified:

"I took off my Army jacket * *
[the narcotics agent] went through

it, and he went through my billfold, spread my handkerchief open, examined the contents of my pocket, searched my shoes, socks, ruffled my hair, and he went all the way through me to see that I didn't have anything else on me."

These facts bear no similarity to those in Fletcher v. United States, supra, 158 F.2d at 322, where the search of the informer was characterized as a farce.

The judgment of conviction is affirmed.