Cleveland **PROFFIT**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 18302.

United States Court of Appeals Ninth Circuit.

April 29, 1963.

---

John F. Dethlefsen, San Francisco, Cal., for appellant.

Sidney I. Lezak, U. S. Atty., and William B. Borgeson, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, ORR and MERRILL, Circuit Judges.

ORR, Circuit Judge.

Appellant stands convicted on six counts of an indictment charging him with violation of the federal narcotic laws. He was found guilty of violating, on two counts each, sections 4704(a) [1] and 4705(a) [2] of Title 26 of the United States Code and section 174 [3] of Title

---

1. "It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

2. "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

3. "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be. imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * * "Whenever on trial for violation of this section the defendant is shown to have

21 of the U.S.C. He was sentenced to eight years imprisonment on each count; such sentences to run concurrently.

The main contention on this appeal is that the evidence does not support the verdict as a matter of law. The evidence before the jury, in substance, was as follows:

On August 15, Floyd Love, a special employee of the Bureau of Narcotics, met with Vern Gooder, an agent of the Bureau of Narcotics, at which time Gooder searched Love's person and automobile for concealed narcotics and found none. After giving Love $30.00, Gooder hid in the trunk of Love's automobile and loosened the back seat so that he had a clear view of the interior.

Love drove to the vicinity of the Old Glory Tavern in Portland, Oregon where he met appellant. After a short conversation, Love gave appellant $30.00 and stated that he wanted three capsules of heroin. Appellant told Love to park in front of the tavern and wait for him. Appellant left, but returned a short time later, entered the car and gave Love a green balloon that contained three capsules of heroin.

On August 26, 1960 (over a week after the first transaction), Love met with narcotic agent John Windham; Windham searched Love's person and automobile but found no narcotics. Love called the appellant on the telephone and was told by appellant that he could purchase narcotics from him.

Love drove to a house on North Monroe Street, parked in front of the house and honked his horn. Appellant came out of the house and asked Love what he wanted. Love stated that he wanted two papers and gave appellant $30.00. Appellant went back into the house; when he returned a moment later, he delivered two papers containing heroin to Love. Windham, who had followed Love and

parked less than a half block behind Love's car, observed the entire transaction with binoculars.

The direct evidence of the transactions was testified to by Love. While the agents did not testify that they actually saw the appellant hand narcotics to Love, their testimony is strongly corroborative of that given by Love.

■ Appellant asks us to say that little or no weight should be given the testimony of Love because he is an admitted narcotic user. For us to pass upon the weight of the evidence would be an usurpation of the province of the jury. The credibility of witnesses and the weight to be given their testimony is for the jury, who evidently believed the witness Love. This court in Audett v. United States, 265 F.2d 837 (9th Cir. 1959), held that the uncorroborated testimony of an accomplice is sufficient to sustain a conviction[4] and pointed out that the testimony of one witness, if believed, is sufficient to prove a fact. On the same reasoning, we see no reason to hold that the evidence of an informer should be disregarded if believed by the jury.

■ We also find that Love's testimony was corroborated by the agents who both searched Love and his automobile before the transactions and found no narcotics, observed the transactions, and testified that no one other than the appellant had approached Love.

■ Although not specifically urged as a specification of error, appellant contends that he was denied his constitutional right to counsel. He bases this contention on the fact that his counsel failed to make a motion for acquittal at the end of the trial and would not allow appellant to take the stand and explain his possession of narcotics in order to overcome the presumption of section 174 of Title 21 of the U.S.C.

or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

4. We have consistently adhered to this position. See Williams v. United States, 308 F.2d 664 (9th Cir. 1962).

A careful reading of the record in this case convinces us that this contention has no merit. It is a stock complaint, after conviction, on the part of appellants who have been provided court appointed counsel.

Affirmed.