**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles GEORGE, Jr., Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**J. C. GULLEY, Defendant-Appellant.**

**Nos. 15266, 15267.**

United States Court of Appeals Sixth Circuit.

June 26, 1963.

Atty., Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., on brief, for appellee.

Before MILLER and WEICK, Circuit Judges, and FOX, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, Charles George, Jr., and two codefendants, Clyde Caver and John Johnson, were indicted jointly for carrying away and concealing from a lot in the city of Detroit, with intent to convert to their own use, certain goods which were a part of an interstate shipment of freight, namely, 45 cartons of children's clothing and 49 automobile tires, in violation of Section 659, Title 18, United States Code.

In a separate indictment the appellant, J. C. Gulley, and two codefendants were jointly indicted for buying and having in their possession certain goods and chattels, namely, 49 automobile tires, which had been stolen from an interstate shipment and which were in excess of $100.00 in value, knowing the same to have been stolen, in violation of Section 659, Title 18, United States Code.

The two indictments were consolidated for trial. Johnson entered a plea of guilty and, after testifying in the trial, was sentenced to two years probation.

In the trial the Government introduced the following evidence. On Thanksgiving Day 1961, at about 7:30 P.M., Ray Coleman, Charles Brown, John Johnson and Clyde Caver entered a terminal yard in Detroit, Michigan through an opening in the fence, broke into a parked trailer and took 49 tires and 45 cartons of children's clothing which were in transit from out of state to destinations in the Detroit area. Coleman and Brown were juveniles. The merchandise was stacked up near the fence. This was completed about 8:30 or 9 P.M., at which time they went to find someone to haul the goods for them. They came upon Charles George, Jr., in his car and entered into an agreement with him to pay him $30.00 to move the merchandise for them. George drove to a place close to where

Samuel Posner, Detroit, Mich., for appellants.

John H. Shepherd, Asst. U. S. Atty., Detroit, Mich., Lawrence Gubow, U. S.

the goods were stacked. The goods were transferred to George's car. George made eight or nine trips transporting the goods to a vacant condemned house not far away. The job was completed about 1:30 A.M.

The next day, in cooperation with George and with the use of George's car, the clothing was sold to Joseph Scott. J. C. Gulley came by the house and after negotiating for the tires agreed to purchase them for $300.00. He came back later in a Cadillac car and picked up four of the tires. Shortly thereafter a truck came by and the remaining tires were loaded into the truck.

The defendants George, Gulley and Caver were found guilty by a jury. George and Gulley received a sentence of two years each, from which they have taken the present appeals. Caver received a sentence of eighteen months, from which no appeal was taken.

Appellant George contends that the District Court erred in denying his motion for acquittal made at the close of the Government's evidence in that the evidence was insufficient to show that George knew that the goods involved were stolen or that George carried the goods away with the intent to convert them to his own use. We do not agree with this contention. We are of the opinion that the Government's evidence, with all the reasonable inferences to be drawn therefrom, was sufficient to take the case against George to the jury. In addition, the record shows that after the District Court overruled the motion for acquittal made at the close of the Government's evidence, George testified in his own behalf, and that the motion for judgment of acquittal was not renewed at the close of all the evidence in the case. It is the usual rule that this constitutes a waiver of the motion for judgment of acquittal made at the close of the Government's case and that the sufficiency of the evidence to take the case to the jury is not open for review on appeal. Gendron v. United States, 295 F.2d 897, 900, C.A. 8th; United States v. Aman, 210 F.2d 344, 345–346, C.A.7th; Jasso v. United States, 290 F.2d 671, 673, C.A.5th; Benchwick v. United States, 297 F.2d 330, 335, C.A.9th. In Carr v. United States, 278 F.2d 702, C.A.6th, this Court recognized the general rule as above stated, subject, however, to the exception that plain errors affecting substantial rights may be noticed, although they are not brought to the attention of the Court. We do not think the facts of the present case warrant our departure from the general rule.

The appellants also contend that Johnson and Coleman, who testified for the Government, were accomplices of the appellants and that the District Judge erred in not instructing the jury that the testimony of an accomplice should be received with great care and caution and viewed with suspicion and closely scrutinized. The District Judge instructed the jury fully and carefully with respect to the credibility of a witness, including the duty to take into consideration the interest of the witness, if any, in the result or the outcome of the case, the motives of the witness in testifying and "everything in connection with the witness which in the light of human experience, will aid you in determining the proper weight and value to be given to his testimony." He particularly referred to the fact that the Assistant United States Attorney threatened to have the Government witness Coleman removed from the army to prosecute him under the Federal Juvenile Delinquency Act for his participation in the incident involved in these indictments if he should refuse to testify for the Government on this trial. He told the jury that these tactics on the part of the Government were highly improper and should not have occurred, and that the jury should take these facts into consideration in weighing the testimony of the witness Coleman in deciding the credibility to be given this witness. No exceptions were taken by the appellants to these instructions and no instructions were offered by them with respect to what they now claim the District Judge should have charged. In

both the opening and closing statements of Government counsel to the jury it was stated that certain Government witnesses were accomplices and that their testimony was to be received with caution. In the opening statement to the jury of counsel for the appellants it was stated, "Ladies and gentlemen, in regard to the District Attorney's suggestion that you bear close watch to the testimony of the witnesses, I can only say amen."

Although it is the better practice for the trial judge to specifically charge the jury that the testimony of an accomplice should be received with care and caution and closely scrutinized, we are of the opinion that it was not prejudicial error in the present case for the District Judge, in instructing generally as he did with respect to the credibility of witnesses, to omit a specific reference to the testimony of an accomplice when he was not requested to do so. No exception was taken to his charge and the fact that certain witnesses for the Government were accomplices, whose testimony should be closely scrutinized, was adequately brought to the attention of the jury by counsel for both the Government and the defendants. Rule 30, Federal Rules of Criminal Procedure; United States v. Finazzo, 288 F.2d 175, 177, C.A.6th, Pittsburgh Plate Glass Co. v. United States, 260 F.2d 397, 402, C.A.4th, affirmed, 360 U.S. 395, 79 S.Ct. 1237, 3 L. Ed.2d 1323, rehearing denied, 361 U.S. 855, 80 S.Ct. 42, 4 L.Ed.2d 94. Audett v. United States, 265 F.2d 837, 847, C.A. 9th, cert. denied, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62, rehearing denied, 361 U.S. 926, 80 S.Ct. 290, 4 L.Ed.2d 241. Young v. United States, 297 F.2d 593 594, C.A.9th; Continental Baking Co. v. United States, 281 F.2d 137, 155, C.A. 6th; Caminetti v. United States, 242 U. S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442. In our opinion, this is not a case justifying the application of Rule 52(b), Rules of Criminal Procedure. Pagliochini v. United States, 105 U.S.App.D.C. 110, 264 F.2d 583; Mims v. United States, 254 F.

2d 654, C.A.9th; Sartain v. United States, 303 F.2d 859, 861–862, C.A.9th; Conley v. United States, 257 F.2d 141, 143, C.A.6th.

The judgments are affirmed