**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George WILLIAMS, Defendant-Appellant.**

**No. 15177.**

United States Court of Appeals
Sixth Circuit.

July 1, 1963.

Frank G. Gilliam, Lexington, Ky., for appellant.

George I. Cline, Asst. U. S. Atty., Lexington, Ky., for appellee; Bernard T. Moynahan, Jr., U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, Ky., on the brief.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and PECK, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant, George Williams, was found guilty by a jury under a four-count in- dictment, which charged him in Counts 1 and 2 with acquiring on or about Octo- ber 21, 1961, about 1¾ lbs. of marihuana, without having paid the transfer tax re- quired by law, and with having illegally transferred said marihuana on the same day to William A. Withworth, and which charged him in Counts 3 and 4 with ac- quiring on October 28, 1961, about 722.15 grams of marihuana without having paid the transfer tax imposed by law and with having illegally transferred said marihuana on the same day to William A. Withworth, in violation of Sections 4744(a) (1) and 4742(a), Title 26 United States Code. He received sentences of five years on each count to run con- currently. This appeal followed.

Appellant did not deny the illegal pos- session of marihuana and the illegal transfer of it to Withworth on the days in question, but relied upon the defense of entrapment. This issue was submitted to the jury, which by its verdict found against the appellant.

On this appeal counsel contends that the defense of entrapment was estab- lished as a matter of law. Under the view which we take of the case, it is unnecessary to review the evidence on this issue.

In Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, the Supreme Court discussed the defense of entrapment. It said that the first duties of the officers of the law are to prevent, not to punish crime, and that it was not their duty to incite to and create crime for the sole purpose of prosecuting and punishing it; that while decoys may be used to present opportunity to one in- tending or willing to commit crime, they are not permissible to ensnare the inno- cent and law-abiding into the commission of crime. It quoted with approval the following definition of entrapment. "When the criminal design originates, not with the accused, but is conceived in the mind of the government officers, and the accused is by persuasion, deceit- ful representation, or inducement lured into the commission of a criminal act, the government is estopped by sound

public policy from prosecution therefor." If the facts are in dispute as to whether the criminal design originated with the accused and the Government merely afforded opportunities or facilities for the commission of the offense, in which event entrapment is not available, or was conceived in the mind of the government officers, in which event the defense of entrapment is available, the issue is a factual one to be decided by the jury.

■ In the present case the appellant testified that the government agents were the instigators of the transactions in question, that the criminal design did not originate with him, and that he was by persuasion and inducement lured into the commission of the offenses with which he was later charged. However, the evidence of the Government sharply contradicted this testimony and was to the effect that the appellant was the one who contacted the government officers and suggested to them that he could furnish them with marihuana. This clearly presented a jury question. The District Judge charged the jury correctly upon the law of entrapment and its finding against the appellant's contention cannot be set aside on this appeal.

Appellant also contends that the argument of the government attorney was prejudicial and deprived him of a fair trial in that it was an appeal to passion and prejudice concerning irrelevant matters. In the course of the argument the attorney for the Government stated, "Do you want this stuff floating around in illegal channels of commerce, where children can get hold of it, where people can get it and do things that they wouldn't otherwise do? We are not doing anything to him. We are protecting ourselves and your family and my family and your children and my children. Do you want them selling that down at the drugstores and cigar store and peddling it around the school grounds?" At this point counsel for appellant objected to the argument on the ground that it was inflammatory. The Court sustained the objection and instructed the government counsel to stick to the evidence. No request was made that the remarks be stricken or that the jury be admonished not to consider them. No motion for a mistrial was made.

■ In United States v. Ramos, 268 F.2d 878, 880, C.A. 2nd, which was a case involving the sale of narcotics, the government attorney in the course of his summation referred to traffic in narcotics as "a dirty business," a "vicious business," a "sneaky business," and as "a vicious racket," and referred to the purchase price of three ounces of heroin as "representing $1,265 worth of human degradation." The Court held that it was not improper for government counsel in the prosecution of such a case, at least within certain limitations, to emphasize the importance of the case by calling attention to the unsavory nature and the social consequences of illicit traffic in narcotics—consequences far more serious than those flowing, for instance, from illicit traffic in lottery tickets or in untaxed liquor, and that appraised against the background of the trial, the whole summation and the judge's charge, the fleeting passages complained of did not vitiate the fairness of the trial. We are of the opinion that under the circumstances of this case, the rule is applicable here. See: Robilio v. United States, 291 F. 975, 986, C.A. 6th; Kowalchuk v. United States, 176 F.2d 873, 877, C.A. 6th; Bogy v. United States, 96 F.2d 734, 741, C.A. 6th, cert. denied, 305 U.S. 608, 59 S.Ct. 68, 83 L.Ed. 387; United States v. Passero, 290 F.2d 238, 243, 245–246, C.A. 2nd, cert. denied, 368 U.S. 819, 82 S.Ct. 36, 7 L.Ed.2d 25.

■ Appellant also complains of the trial judge's refusal to permit counsel to develop the theory of entrapment in his opening statement to the jury and of the improper receipt in evidence of some hearsay testimony. We have considered these contentions and are of the opinion that they were minor in nature and did not constitute prejudice. Rule 52(a), Rules of Criminal Procedure; Lichtenwalter v. United States, 89 U.S.App.D.C.

187, 190 F.2d 36, C.A.D.C.; United States v. Finazzo, 288 F.2d 175, 177, C.A. 6th; Harlow v. United States, 301 F.2d 361, 375, C.A. 5th.

The judgment is affirmed.