**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clarence Levi COOPER, Jr., Defendant-
Appellant.**

No. 15203.

United States Court of Appeals
Sixth Circuit.

Decided July 12, 1963.

Claudia H. Shropshire, Detroit, Mich.
(Goodman, Crockett, Eden, Robb & Philo,
Detroit, Mich., Lubell, Lubell & Jones,
New York City, on the brief), for appellant.

Milton J. Trumbauer, Jr., Detroit,
Mich. (Lawrence Gubow, U. S. Atty.,
Milton J. Trumbauer, Jr., Asst. U. S.
Atty., Detroit, Mich., on the brief), for
appellee.

Before WEICK, Circuit Judge, and KENT and FOX, District Judges.

WEICK, Circuit Judge.

Appellant, Clarence Levi Cooper, Jr., was convicted by a jury in the District Court on all four counts of an indictment charging him with sales and possession of narcotics on December 5th and 7th, 1960 in violation of Title 26 U.S.C. § 4704(a) and Title 21 U.S.C. § 174.

In his appeal, he contends that at the trial he established the defense of entrapment as a matter of law. He further complains of error in the court's instructions to the jury and in the admission of evidence.

■ The joint appendix filed in this Court does not disclose that defendant made a motion for judgment of acquittal at the close of the Government's evidence or at the close of all of the evidence. Where no motion for judgment of acquittal was made, it is the general rule that an appellate court is not required to pass upon the sufficiency of the evidence. United States v. George, 319 F. 2d 77 (CA 6); Costner v. United States, 271 F.2d 261 (CA 6), cert. denied, 362 U.S. 952, 80 S.Ct. 866, 4 L.Ed.2d 870. This rule is subject to the exception that plain errors affecting substantial rights may be noticed even though they have not been brought to the attention of the court. Rule 52(b), Federal Rules of Criminal Procedure; United States v. George, supra.

■ In determining whether entrapment has been established as a matter of law, the evidence as well as inferences properly deducible therefrom should be considered in the light most favorable to the Government. United States v. Berkley, 288 F.2d 713 (CA 6).

Cooper was 28 years old and had been a user of narcotics since 17. He testified, however, that his addiction was sporadic and, although he has not been cured, it had been a year and a half or two years prior to the trial since he last used narcotics. He had a criminal record, but this did not include possession or sales of narcotics.

In order to obtain evidence, the Government used a Special Employee or Informer named Herman Gibson who was a narcotics addict with a criminal record. Gibson had been arrested in October 1960 for a narcotics violation and his case was still pending.

Gibson talked with Cooper on the telephone on December 5, 1960 to arrange for a meeting on that day in an apartment in Detroit where he introduced Narcotics Agent Duggins to Cooper as a college student from Ohio named Pete. The telephone conversation was monitored by Narcotics Agent DeBiasi. Duggins made a purchase of narcotics from Cooper for $50 which he paid in cash.

On December 7, 1960 Duggins met Cooper again at the same apartment following arrangements made over the telephone and purchased another $50 worth of narcotics.

In order to prove a predisposition on the part of Cooper to commit the offenses charged, the Government called the informer Gibson as a witness. Gibson testified that in November 1960 he had made eight or nine purchases of narcotics from Cooper and was present when Cooper made sales to others. It was fairly deducible from the monitored telephone conversation between Gibson and Cooper that Cooper had sold narcotics previously to Gibson and was still willing to do so, but Cooper indicated a reluctance to deal with a stranger.

Cooper contends that the testimony of Gibson was inadmissible and, consequently there was no evidence as to his predisposition to commit the offenses charged.

■ While ordinarily evidence of other criminal acts of a defendant, not charged in the indictment, are inadmissible (Harper v. United States, 99 U.S. App.D.C. 324, 239 F.2d 945 (C.A.D.C.)) there are exceptions to the rule. One is in a narcotics case where the defense is entrapment. In such a case defendant "cannot complain of an appropriate and

searching inquiry into his own conduct and predisposition as bearing upon that issue." Sorrels v. United States, 287 U. S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413; Sherman v. United States, 356 U. S. 369, 373, 78 S.Ct. 819, 821, 2 L.Ed. 2d 848.

The eight or nine sales to Gibson and several to others just a few weeks previous to the offenses charged would certainly seem to be related or similar acts and indicate a predisposition to commit the offenses.

Appellant is in error in his claim that the testimony of Gibson was uncorroborated. Gibson was corroborated by Narcotics Agent DeBiasi who monitored the telephone conversation between Cooper and Gibson which disclosed not only that Cooper had been selling to Gibson, but was willing to make additional sales to him. Cooper was reluctant only to sell narcotics to a stranger. Gibson was also corroborated by the testimony of Narcotics Agent Duggins.

In making the sales of narcotics to Duggins, Cooper was extremely cautious and wary. In the sale made on December 5th Cooper instructed Duggins to go to a nearby store and change the $50 of listed money which Duggins had in his possession. In the sale made on December 7th Cooper had a woman to receive the money and instructed Duggins to look in the mailbox downstairs where Duggins found the narcotics. The many precautionary measures taken by Cooper were obviously to avoid detection and to make it more difficult to implicate him in the offenses. These were not the acts of an innocent man unwilling to commit a criminal act except when he was enticed.

Appellant relies on Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (CA, D.C.). The court in Hansford dealt with an entirely different factual situation. There the informer denied making the purchase. Predisposition was claimed from a single offense occurring nine months previous to the offenses charged. The only evidence to support the conviction was the uncorroborated testimony of the Narcotics Agent which contained inconsistencies and other matter seriously affecting his credibility.

■ In our opinion, the testimony of the informer Gibson was competent. It was for the jury and not the court to determine what credit should be given to the testimony of Gibson and the Narcotics Agent Duggins. Proffit v. United States, 316 F.2d 705 (CA 9).

■ In the present case, the evidence on the subject of entrapment was conflicting and different inferences could reasonably be drawn therefrom. We think it would have been an invasion of the province of the jury for the court to have determined this issue as a matter of law. Proffit v. United States, supra.

■ To establish the defense of entrapment as a matter of law, the controlling facts must be undisputed. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. Here they were not. Where the evidence and the inferences properly deducible therefrom are conflicting, the issue of entrapment must be submitted to the jury. Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; Nero v. United States, 189 F.2d 515 (CA 6); Johnson v. United States, 317 F.2d 127 (CA, D. C.).

■ Appellant claims error in the admission of evidence as to the sale of a drug which was not a narcotic on December 22nd. This evidence, in our opinion, was competent to rebut the testimony of the witness, Ada Freeman, who testified that the sale of the drug took place on December 7th. The Government's evidence tended to prove that Ada Freeman was mistaken in her dates and that the drug was not sold until December 22nd. It was narcotics and not the drug which was sold on December 7th.

■ The District Court gave correct instructions to the jury on the subject of entrapment in accordance with Sorrell and Sherman. Appellant claims that the court should have given a specific in-

struction that the burden of proof was upon the Government to prove that there was no entrapment citing United States v. Landry, 257 F.2d 425 (CA 7). The court did instruct the jury that the burden of proof was upon the Government to establish to its satisfaction beyond a reasonable doubt that defendant was guilty of the offenses charged.

If defendant wanted additional instructions he should have requested the court to give them. Instead counsel for defendant stated: "The defendant is satisfied, Your Honor."

Under Rule 30, Rules of Criminal Procedure, an omission in the instruction may not be assigned as error unless it has been brought to the attention of the trial court. This is not a case justifying the application of Rule 52(b), Rules of Criminal Procedure. United States v. George, supra; United States v. DeRocco, 320 F.2d 58 (CA 6).

The judgment of the District Court is affirmed.