**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wert Lanelvin AKINS, Defendant-Appellant.**

**No. 16941.**

United States Court of Appeals Sixth Circuit.

Feb. 6, 1967.

Ike R. Clinton, Memphis, Tenn., for appellant, Jim C. Galloway, W. Otis France, Jr., Memphis, Tenn., on the brief.

William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., for appellee, Thomas L. Robinson, U. S. Atty., Jere B. Albright, Asst. U. S. Atty., Memphis, Tenn., Fred M. Vinson, Jr., Asst. Atty. Gen., Dept. of Justice, Crim. Div., Washington, D. C., on the brief.

Before WEICK, Chief Judge, and PHILLIPS and McCREE, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

Appellant was found guilty by a jury on five counts of a six-count indictment charging him with causing gambling supplies and equipment to be shipped in interstate commerce with the intent of carrying on his unlawful gambling business in Tennessee, in violation of 18 U.S.C. § 1952.

It is undisputed that appellant was owner and operator of a professional gambling casino known as "Turf Club" in Tipton County, Tennessee, some eighteen to twenty miles north of Memphis, and that this club was operated in violation of T.C.A. §§ 39–2002 to 39–2005, 39–2031, 39–2032. He had owned and operated this club since January 1962.

During September and October 1964 and January 1965, appellant caused certain gambling supplies and paraphernalia to be shipped to him in Memphis by REA express from Chicago, Illinois.

The principal question on this appeal relates to the issue of entrapment, which appellant insists the district court should have decided in his favor as a matter of law instead of submitting it to the jury. Appellant contends that he was entrapped by agents of the Government into the commission of the offense for which he was charged, and that the district court committed reversible error in overruling his motion for acquittal.

The gambling supplies here involved were shipped to appellant from Chicago by Charles P. Stahl, doing business as Taylor & Company. Appellant's defense of entrapment is based upon a "consent agreement" or "cease and desist agreement" executed by Stahl after an investigation of his business by agents of the Federal Bureau of Investigation.

For some time prior to 1964, FBI agents had been conducting an investiga-

tion of Stahl's operations in Chicago. In 1964 Stahl signed an agreement to cease and desist from the manufacturing, printing, sale or distribution of certain items of gambling paraphernalia previously sold by him. A copy of this agreement is made an appendix to this opinion.

Appellant contends that the dice, cards, chips and other paraphernalia shipped to him by Stahl were not included in the "cease and desist" agreement; that Government agents led Stahl to believe that he could ship such items legally in interstate commerce and could inform his customers to that effect; that the shipments from Stahl to appellant came about as a result of "deceitful representations and inducements" on the part of Government agents; and that the Government devised this scheme to use Stahl as an agent to entrap appellant into violating 18 U.S.C. § 1952.

■ To establish the defense of entrapment as a matter of law, the controlling facts must be undisputed. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; United States v. Thompson, 366 F.2d 167 (C.A. 6), cert. denied, United States v. Campbell, 385 U.S. ——, 87 S.Ct. 512, 17 L.Ed.2d 436, United States v. Cooper, 321 F.2d 456 (C.A. 6). Where the evidence and the inferences properly deducible therefrom are conflicting, the issue of entrapment is a question of fact to be submitted to the jury. Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 439, 17 L.Ed.2d 394, affirming United States v. Osborne, 350 F.2d 497 (C.A. 6); United States v. Head, 353 F.2d 566 (C.A. 6); United States v. Littwin, 338 F.2d 141 (C.A. 6), cert. denied, 380 U.S. 911, 85 S.Ct. 896, 13 L.Ed.2d 797; United States v. Williams, 319 F.2d 479 (C.A. 6).

■ On appeal, "In determining whether entrapment has been established as a matter of law, the evidence as well as inferences properly deducible therefrom should be considered in the light most favorable to the Government." United States v. Cooper, supra, 321 F.2d at 457, citing United States v. Berkley,

288 F.2d 713 (C.A. 6), cert. denied, 368 U.S. 822, 82 S.Ct. 41, 7 L.Ed.2d 27.

■ We hold that the "cease and desist" agreement executed by Stahl (appendix hereto) did not constitute entrapment as a matter of law, and that the defense of entrapment presented an issue of fact which properly was submitted by the district judge to the jury under the facts of this case.

■ Appellant further contends that the district judge, the Honorable Marion S. Boyd, committed reversible error in his charge to the jury and in rejecting special charges submitted by appellant. We hold that the charge, when read as a whole, sets forth an accurate statement of the law of entrapment. Sherman v. United States, supra, 356 U.S. 369, 78 S.Ct. 819; and Sorrels v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413.

■ Since the district judge stated the applicable law of entrapment fully and fairly in his general charge, he did not commit reversible error in refusing the special instructions requested by appellant. Petro v. United States, 210 F. 2d 49 (C.A. 6). In this situation, the trial judge is not required to instruct the jury in the exact language requested by appellant. United States v. Ball, 344 F. 2d 925 (C.A. 6), cert. denied, 382 U.S. 907, 86 S.Ct. 245, 15 L.Ed.2d 160.

Appellant also raises questions concerning the validity of the search warrant and the admissibility of evidence as the result of an allegedly unlawful search. He further charges that the district court committed prejudicial and reversible error in permitting the United States Attorney to make an improper argument to the jury. These and all other contentions of appellant have been considered and we hold that there is no ground for reversal.

Affirmed.

## APPENDIX

### CONSENT AGREEMENT

WHEREAS, CARL P. STAHL, doing business as HUNT AND COM-

**294**

PANY, and TAYLOR AND COMPANY, (not incorporated), sole proprietorships, and

WHEREAS, the aforesaid has been engaged in the manufacturing, sale and distribution of merchandise hereinafter described as Exhibit "A", which is attached hereto and made a part hereof consisting of a list of merchandise by catalogue number and the HUNT AND COMPANY catalogue; and

WHEREAS, said merchandise (See Exhibit "A") may be used for gambling purposes in violation of the laws of several states and of the United States; and

WHEREAS, CARL STAHL, doing business as HUNT AND COMPANY, and TAYLOR AND COMPANY, recognize that the continued manufacturing, printing, sale and distribution of said merchandise (See Exhibit "A") may subject them to prosecution by the Federal Government.

IT IS THEREFORE AGREED:

1. That CARL STAHL, doing business as HUNT AND COMPANY, and TAYLOR AND COMPANY, will forthwith and simultaneously with the signing of this Consent, cease and desist from the manufacturing, printing, sale or distribution of (See Exhibit "A") and other similar merchandise in interstate commerce.

2. That should CARL STAHL, doing business as HUNT AND COMPANY, and TAYLOR AND COMPANY, at any time resume the manufacturing, printing, sale or distribution of such merchandise or similar merchandise, they will be subject to prosecution for said activities on their part since September 13, 1961, however, nothing contained herein shall in any way be construed as a waiver of any statutory period of limitations with respect to any such prosecutions.

3. Further, it is agreed that from this date, the undersigned will cease and desist from shipping in interstate commerce any other item which violates Section 1952, Title 18, United States Code.

4. Further, this Consent Agreement shall not be exhibited as evidence in any future prosecutive action regarding CARL STAHL, doing business as HUNT AND COMPANY, and TAYLOR AND COMPANY, and shall not be considered an admission that the aforesaid has at any time engaged in any activities violative of the laws of the United States of America or of any State or political subdivision thereof.

5. All items marked with an asterisk in Exhibit "A" may be shipped where such items are not illegal under state law.