**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry F. DESMOND, Defendant-
Appellant.**

No. 24386.

United States Court of Appeals
Ninth Circuit.

Dec. 9, 10, 1969.

Joseph M. Imhoff, Jr. (argued), of Coughlan, Imhoff, Christensen &, Lynch, Boise, Idaho, for appellant.

Jay F. Bates (argued), Asst. U. S. Atty., Gerald F. Schroeder, Asst. U. S. Atty., Sherman F. Furey, Jr., U. S. Atty., Boise, Idaho, for appellee.

Before HAMLEY and HUFSTED-LER, Circuit Judges, and LEVIN, District Judge*.

PER CURIAM:

Desmond appeals from his conviction upon six out of seven counts of an indictment for violating 18 U.S.C. § 2314 (interstate transportation of forged securities). He contends the court erred (1) in denying his motion for mistrial based on the admission of testimony about a crime for which he was not on trial, and (2) in failing to dismiss the seventh count of the indictment.

Mr. and Mrs. Travis testified that certain personal checks, traveler's checks, and credit cards offered by the Government had been stolen from them in Nevada. Signatures on the checks were forged. Other witnesses testified to Desmond's cashing the checks, in one instance using a stolen credit card for identification. A state detective testified that he had arrested Desmond in Texas on a charge of issuing stolen credit cards and, in a search of Desmond's person incident to the arrest, he had found some of the stolen credit cards and checks, including the card that had been used to help Desmond cash one of the checks. Desmond's counsel did not object to the

---

* The Honorable Gerald S. Levin, United States District Court Judge, San Francisco, California, sitting by designation.

introduction of the evidence tending to prove Desmond's complicity in other crimes, but, after the detective described Desmond's arrest and search, counsel moved for a mistrial. The motion was denied, but the court instructed the jury to disregard all testimony about the nature of the Texas charge.

 Desmond claims, on appeal, that the court erred in failing to exclude, *sua sponte,* evidence of other offenses, and that the court abused its discretion in denying his motion for mistrial. The lack of timely objection to the evidence would be reason enough to foreclose consideration of Desmond's first claim. Moreover, the admission of the challenged evidence was not erroneous, and the court did not abuse its discretion in denying a mistrial. Evidence that the checks were stolen was relevant to prove that the owners had not authorized anyone else to cash them. Desmond's possession of the stolen credit cards was relevant to prove that he was the person who had cashed the checks. The probative force of that evidence substantially outweighed its prejudicial effect. The other offenses were intimately connected with the offenses for which he was on trial, and there was no error in admitting that evidence. (Thomas v. United States (9th Cir. 1965) 343 F.2d 49; Harper v. United States (1956) 99 U.S.App.D.C. 324, 239 F.2d 945; *see also* Helberg v. United States (9th Cir. 1966) 365 F.2d 314, cert. denied (1967) 385 U.S. 1010, 87 S.Ct. 718, 17 L.Ed.2d 547.)

Count VII of the indictment charged Desmond with transporting in interstate commerce on August 22, 1967, described traveler's checks bearing forged countersignatures in violation of 18 U.S.C. § 2314. Prior to its amendment in September 1968,[1] section 2314 did not apply to a validly executed traveler's check bearing a forged countersignature. (Streett v. United States (8th Cir. 1964) 331 F.2d 151.) To apply the 1968 amendment to section 2314 to Desmond's acts in 1967 would be to permit punishment for past acts in violation of the constitutional prohibition against ex post facto laws. (Bouie v. City of Columbia (1964) 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894; Ex parte Garland (1867) 71 U.S. (4 Wall.) 333, 18 L.Ed. 366; Cummings v. Missouri (1867) 71 U.S. (4 Wall.) 277, 18 L.Ed. 356; Calder v. Bull (1798) 3 U.S. (3 Dall.) 386, 1 L.Ed. 648.)

That portion of the judgment reciting Desmond's guilt as charged in Count VII and imposing sentence of seven years upon that count, to run concurrently with the sentences upon the remaining counts, is stricken. The judgment as thus modified is affirmed.

1. Pub.L. 90–535, 82 Stat. 885 added to § 2314, the paragraph stating: "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any traveler's check bearing a forged countersignature * * *."