APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN ) CRIMINAL APPEAL NO. 80-9007
MARIANA ISLANDS, )
)
      Plaintitf-Appellee, )
)
   vs. )
)
JOAQUIN S. BUEKIS and )
ALECIO R. MATAGOLAI, )
)
      Defendants-Appellants.)
_____)

Before:  Laureta and Duenas, District Judges and Hefner,
       Designated Judge

PER CURIAM:

   After trial before the court, defendants were found
guilty of grand larceny and malicious mischief primarily on
the basis of the testimony of an accomplice.

   Appellants urge this court to reverse the conviction by
adopting the so called accomplice corroboration rule.  The
rule, succinctly stated, is that some independent fact or
circumstances must corroborate the testimony of the accomplice.
Under the rule, one cannot be convicted solely on the accomplice's
testimony.

In this case the trial judge, in making his oral findings, acknowledged that the prosecution case rested on the accomplice's testimony and correctly stated that: "The testimony of an accomplice even though apparently credible is of doubtful integrity and is to be considered with great caution."

In the Federal Courts, the accomplice corroboration rule has not been adopted. United States v Williams, 435 F 2d 642 (9th Cir. 1970), United States v Gudino, 432 F 2d 433 (9th Cir. 1970), Proffit v United States, 316 F 2d 705 (9th Cir. 1963), Audett v United States, 265 F 2d 837 (9th Cir. 1957), Tillery v United States, 411 F 2d 644 (5th Cir. 1969). If the trier of fact is convinced beyond a reasonable doubt that the defendant is guilty notwithstanding the evidence comes solely from the uncorroborated testimony of an accomplice, then the defendant will be convicted.

■ It is our opinion that should the Commonwealth wish to adopt the accomplice corroboration rule, the proper procedure is for the legislature to enact such a rule. We recognize that courts in certain jurisdictions have taken it upon themselves to "judicially legislate" the rule. However, we think that this is a matter that is best left in the hands of the legislature.

As to the argument of defendants that the trial court did not have sufficient evidence to convict the defendants,

128

we are satisfied that once the trial court believed the accomplice's testimony, there was no clear error in finding the defendants guilty. The convictions are affirmed.

ALFRED LAURETA, District Judge

CRISTOBAL C. DUENAS, District Judge

ROBERT A. HEFNER, Designated Judge

ENTERED: *Jan. 21, 1981*