Lee Roy GRANT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13430.

United States Court of Appeals
Sixth Circuit.

May 29, 1958.

Rhodes Bratcher, Owensboro, Ky., for appellant.

James C. Jernigan, Asst. U. S. Atty., Louisville, Ky. (J. Leonard Walker, U. S. Atty., William B. Jones, Asst. U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before MARTIN and McALLISTER, Circuit Judges, and JONES, District Judge.

PER CURIAM.

Appellant was convicted by a jury of the offense of knowingly receiving and concealing stolen automobiles, moving in interstate commerce, in violation of Title 18 U.S.C.A. § 2313. On appeal, he contends that the trial court erred in permitting evidence to be introduced by the government of another offense claimed to have been committed by him, and not charged against him in the indictment. The evidence in question which was submitted by the government, disclosed that a Cadillac car, not mentioned in the indictment, had been delivered to appellant by Hesson, the man who had stolen it; that appellant had complained to Hesson that he had neglected to alter a motor number on the frame of the vehicle; that Hesson then took the Cadillac car

**342**

with him in order to alter the number, but after doing so failed to redeliver it to appellant, and, instead, sold it to another party; that Hesson finally delivered to appellant a stolen Oldsmobile car described in one of the counts of the indictment; and that this Oldsmobile was accepted by appellant as a replacement for the Cadillac.

 In Harper v. United States, 99 U.S.App.D.C. 324, 239 F.2d 945, 946, the rule here applicable was stated as follows: "The general rule is that upon the trial of an accused person the prosecution may not introduce evidence of another offense wholly independent of the one charged. However, there are many well established exceptions to this rule, so numerous that it has been said that it is difficult to determine which is the more extensive, the doctrine or the acknowledged exceptions. This Court has admitted evidence of other criminal acts when those acts (1) are so blended or connected with the one on trial that proof of one incidentally involves the other, (2) they explain the circumstances of the offense charged, or (3) they tend logically to prove any element of that offense." The evidence of the other crime of which appellant complains, is clearly within the purview of the exceptions above mentioned, and was properly admitted by the trial court.

With regard to the instructions to the jury, which appellant contends were erroneous, no objection was made by counsel when the instructions were given, and under Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S. C.A., no error may now be assigned thereon.

Appellant further claims that the jury's verdict finding him guilty on certain counts, was inconsistent with its verdict finding him not guilty on other counts, and consequently the verdict of guilty should be set aside.

If the verdict of the jury be intelligible and based on sufficient evidence to support it, the mere fact that such verdict appears to the court to be illogical, or

the result of a misconception of fact or mistakes of judgment by the jury or to be otherwise unreasonable and contrary to fact, does not affect its sufficiency or validity. Gozner v. United States, 6 Cir., 9 F.2d 603. When at the same trial, a jury renders inconsistent verdicts of acquittal and conviction, the inconsistency is immaterial and the conviction will stand. United States v. Coplon, 2 Cir., 185 F.2d 629, 28 A.L.R.2d 1041.

The judgment of the District Court is affirmed.