**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Anthony BUCCIFERRO, Defendant-**
**Appellant.**

**No. 12756.**

United States Court of Appeals
Seventh Circuit.

Feb. 4, 1960.

Rehearing Denied March 8, 1960.

Maurice J. Walsh, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge and SWYGERT, District Judge.

CASTLE, Circuit Judge.

Anthony Bucciferro, defendant-appellant, was indicted in a four-count indictment along with one Ricciardi. Bucciferro, hereinafter referred to as defendant, was named in the first three counts and Ricciardi in all four. Count 1 charged the possessing and concealing of a counterfeit One Hundred Dollar note with knowledge that it was counterfeit and with intent to defraud. Count 2 charged the same offense with respect to a different One Hundred Dollar note. Count 3 charged the uttering and passing as true and genuine the counterfeit note described in Count 2. Count 4, which did not name defendant, charged Ricciardi with possessing and concealing 446 counterfeit One Hundred Dollar notes, knowingly and with intent to defraud. All counts charged violation of 18 U.S.C.A. § 472.

Prior to the trial of defendant Ricciardi pleaded guilty to all four counts. Defendant's motion that the Government be required to elect between Count 1 and Counts 2 and 3 was granted and he was tried on Counts 2 and 3 only. He was convicted on each of said counts.

Defendant appealed and contends that the District Court erred in overruling his motion for acquittal at the close of the evidence and in admitting testimony concerning the One Hundred Dollar note described in Count 1 of the indictment, which he argues had the effect of nullifying the election which had been required of the Government.

The contested issues are (1) whether the evidence viewed in a light most favorable to the Government sustains the judgment, and (2) whether the Government persisted in the trial of Count 1, to support conviction on Counts 2 and 3, in nullification of the election it had been required to make.

Defendant's contention that the District Court erred in not granting his motion for acquittal is bottomed on the assertion that the defendant did not have specific knowledge of the counterfeit nature of the One Hundred Dollar note involved under Counts 2 and 3 of the indictment. In resolving this question we must view the evidence in the light most favorable to the Government. United States v. Detente, 7 Cir., 199 F.2d 286; United States v. Kelley, 7 Cir., 186 F.2d 598.

On January 10, 1959, Ricciardi, the co-defendant in this case was in a restaurant owned by his aunt, Lena Charles. There he met the defendant Bucciferro, and in the presence of Lena Charles, a Mrs. Walker and the defendant he displayed several One Hundred Dollar notes. Lena Charles told Ricciardi the money was fake. Mrs. Walker testified that while Ricciardi was displaying the notes the defendant said they did not look real. She further testified that the defendant took one of the One Hundred Dollar notes to his sister and she said it was not real and she showed him a real One Hundred Dollar bill.

The following testimony of Ricciardi also establishes knowledge on the part of Bucciferro that the bills were counterfeit:

"A. I said to him that I had counterfeit bills. Then he said, 'Let me see them'. And I showed them to him.

"Q. How many did you show him, do you know? A. I can't recall. It was a few of them. He says, 'Well, let me take one. I might know somebody that would like it.'

"Q. And what did you say? A. I says, 'All right.' "

The defendant further suggested that they cash one of the notes at the Airport, and that Ricciardi give an assumed name. They then drove to the Municipal Airport but Ricciardi got scared and walked out of the airline terminal without cashing the note.

Later defendant suggested cashing a One Hundred Dollar bill by making a purchase at an appliance store. On the

way to the appliance store the defendant suggested the approach to be made in cashing the hundred dollar note; again suggesting use of an assumed name.

A witness, Mildred Rehnberg, testified that the defendant was present with Ricciardi at the appliance store (sometimes called District Warehouse) when the counterfeit note involved in Counts 2 and 3 was passed.

█ We find that the evidence sufficiently shows the defendant was guilty of knowingly possessing, uttering and passing the counterfeit note.

█ The defendant was not tried on Count 1. There was testimony relating to events which took place on the same day with respect to the note described in Count 1. Witness Finocchio testified that the defendant exhibited the bill to him stating "it is queer" and inquired if he wanted to buy One Hundred Dollar bills at $10.00 a hundred. He left a bill with Finocchio as a sample. This evidence was admissible. In United States

v. Crowe, 7 Cir., 188 F.2d 209, 212–213 we stated:

"Evidence of another crime is admissible where ,the other offense is logically connected with that charged, or where the acts are so closely and inextricably mixed up with the history of the guilty act itself as to form part of the plan or system of criminal action. United States v. Tuffanelli, 7 Cir., 131 F.2d 890. Evidence of another crime is admissible where it was committed as part of the same transaction and forms part of the res gestae. Gianotos v. United States, 9 Cir., 104 F.2d 929."

The introduction of this evidence did not constitute a nullification of the Government's election. Defendant's contentions in this respect are without merit.

The judgment of the District Court is affirmed.

Affirmed.