**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Brady NEAL, Defendant-Appellant,**

**No. 15873.**

United States Court of Appeals Sixth Circuit.

April 22, 1965.

L. Barry Cors, Cincinnati, Ohio (court appointed), for appellant.

G. Wilson Horde, Asst. U. S. Atty., Knoxville, Tenn., for appellee, J. H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief.

Before WEICK, Chief Judge, and CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

The defendant-appellant, Robert Brady Neal, appeals from a judgment of conviction in the United States District Court for the Eastern District of Tennessee on all counts of a three-count indictment. Each count of the indictment charged the defendant with fraudulently transporting in interstate commerce, from Knoxville, Tennessee, to Washington, D. C., a falsely made check, in the amount of $125, dated July 16, 1963 (in the third count,

the check was dated July 17th), drawn on the Security Bank of Washington, D. C., payable to Robert Neal and purporting to be signed by Walter Lester. It is alleged in each count that transportation was accomplished by depositing the checks in the Hamilton National Bank, Park National Bank, Magnolia Branch, and Tennessee Valley Bank, North Knoxville Branch, respectively.

The evidence supporting the three counts of the indictment shows that an identical plan or scheme was followed in connection with depositing a falsely made check in each bank named in the indictment. On July 16, 1963, or within a day or two of that date, a man, claimed by the government to be the appellant Neal, entered each bank and opened a savings account with a five dollar cash deposit. A day or two following this, the same man entered each bank and deposited a check for $125, less five dollars in cash, to the savings account previously opened. These checks were all drawn on the Security Bank of Washington, D. C., payable to Robert Neal, with the purported signature of Walter Lester. A day or two following this deposit, the same person again entered each bank and withdrew from each savings account $100 in cash. The checks were returned from the Security Bank in Washington with the notation "No account."

During the progress of the trial, on cross-examination of the appellant Neal, counsel for the government asked the following question: "Mr. Neal, I will ask you if on July the 5th, 1963, in the City of Durham, North Carolina, at the Guaranty State Bank, if you did not open a savings account in the amount of $5.00 and on July 8, 1963 deposit a check in the amount of $125.00 dated July 7th, said check being made on the Security Bank made payable to Robert Neal. * * * *"

An objection was made to the question, the jury was excused and the court conducted a hearing concerning the relevancy of the question. Counsel for the government stated that he could show nine instances of similar offenses having been committed by Neal in North Carolina and Georgia. He had only photostatic copies of the checks and no one from the respective banks to identify either the transactions or the appellant. The trial judge gave serious consideration to this question. His procedure on the admissibility of the controverted evidence consumed twenty-six pages of the record. He held that the subject of the evidence in controversy was competent as bearing on a pattern or plan of operation, but without the original checks and without representatives of the respective banks to identify the checks and tell the circumstances under which they were received, the evidence could not be admitted.

■ It is well recognized that evidence of other acts or crimes may be admitted to show a common plan, pattern or scheme, or intent or motive, etc., as an exception to the rule that evidence of independent acts or crimes is not admissible. Lisenba v. California, 314 U.S. 219, 227, 62 S.Ct. 280, 86 L.Ed. 166, rehear. den. 315 U.S. 826, 62 S.Ct. 620, 86 L.Ed. 1222; United States v. Frascone, 299 F.2d 824, 828, C.A.2, cert. den. 370 U.S. 910, 82 S.Ct. 1257, 8 L.Ed.2d 404; Tandberg-Hanssen v. United States, 284 F.2d 331, 333, C.A.10; Grant v. United States, 255 F.2d 341, 342, C.A.6, cert. den. 358 U.S. 828, 78 S.Ct. 48, 3 L.Ed.2d 68; Weiss v. United States, 122 F.2d 675, 682, C.A.5, cert. den. 314 U.S. 687, rehear. den. 314 U.S. 716, 62 S.Ct. 300, 86 L.Ed. 550; Farkas v. United States, 2 F.2d 644, C.A.6.

Counsel for the government was correct in his theory of the law in attempting to offer evidence of other similar offenses of the appellant. He was uninformed as to the proper method of proof. We find no intentional misconduct on the part of counsel in asking the controverted question.

■■ The sole assignment of error on this appeal is that the mere asking of the question was prejudicial to the appellant. After the court ruled that the evidence was inadmissible, the jury was

called back to the court room and the trial was resumed without any further reference to the question that had been propounded by counsel. There was no request for the judge to instruct the jury to disregard the question and no motion for a mistrial.

Rule 52(b) of the Federal Rules of Criminal Procedure provides, "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We conclude that the mere asking of the question involved here cannot be characterized a plain error as contemplated by this rule. A trial judge has considerable discretion in determining a question of this nature. We find no abuse of discretion on the part of the trial judge in failing to take any action on his own motion.

We have examined the entire record of this case and find the evidence of appellant's identification so conclusive that no prejudice resulted and his substantial rights were not affected, even though government counsel may have been in error in asking the question. See Rule 52(a) Federal Rules of Criminal Procedure.

The judgment of the District Court is affirmed.