**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jean KIRKPATRICK, Defendant-
Appellant.**

No. 16523.

United States Court of Appeals
Sixth Circuit.

June 15, 1966.

Thomas Stueve and William J. Dammarell, Cincinnati, Ohio, for appellant.

Arnold Morelli, First Asst. U. S. Atty., Cincinnati, Ohio, Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, on the brief, for appellee.

Before O'SULLIVAN, Circuit Judge, CECIL, Senior Circuit Judge, and BOYD,* District Judge.

BOYD, District Judge.

On January 21, 1964, a five count indictment was returned against this appellant, Mrs. Jean Kirkpatrick, in the District Court for the Southern District of Ohio. The first four counts charged the making of false entries with intent to defraud the Farmers and Merchants Bank of Williamsburg, Ohio, a federally insured institution, (18 U.S.C. § 1005). The fifth count charged embezzlement of the bank's funds in the sum of $54,877.82, (18 U.S.C. § 656).

During the course of the trial in the district court a motion by appellant to dismiss the embezzlement count of the indictment was sustained by the Court, and the case was submitted to the jury after a lengthy trial on the aforesaid false entry counts. Appellant was convicted on each of these counts and was given concurrent sentences of one year. It is from that judgment this appeal is prosecuted.

The appellant had been employed in the aforesaid bank for a number of years and was its cashier when the alleged discrepancies herein occurred, with full authority as such in the day to day operations of the bank. She had general supervision and control over the bank's books and records. There was no procedure in the operation of the bank for checking her work. Appellant terminated her employment at the aforesaid bank one week after its sale to the Clermont National Bank on June 29, 1963. The Farmers and Merchants Bank continued in operation as a branch of Clermont. On July 11, 1963, a check on the account of depositor Laura Martin at the aforesaid branch was presented for payment in the regular course of business, but a ledger card for such account could not be located in the bank's active files. The Laura Martin ledger card was subsequently found in the closed ledger card section, which meant to the bank officials that customer Martin's balance had not been included in the trial balance and audit made immediately prior to the sale of the Farmers and Merchants Bank and indicated a shortage of $12,616.81, the exact balance remaining in the Laura Martin checking account as of that date. Bank auditors and Federal Bureau of Investigation men were called in and a full scale investigation and audit of the bank's condition was made. This latter audit disclosed that $54,877.82 of the branch bank's funds were missing. Sixty-three separate discrepancies bearing on the aforesaid shortage were found in the books and records of the bank, fifty-six of which were traceable directly to the work of the appellant. The remaining seven items could not be identified because of "missing" records.

Apparently, appellant contends on this appeal the trial court erred: (1) in the admission of evidence involving claimed similar transactions which were not covered in the indictment or included by the government in its bill of particulars furnished appellant prior to trial in the district court; (2) in the admission of evidence which appellant contends was not within the time period specified in the embezzlement count of the indictment and the aforesaid bill of particulars; (3) in the admission of evidence which was allegedly withheld from appellant in said bill of particulars and (4) in retaining in the record evidence concerning embezzlement, especially that relating to the aforesaid Laura Martin account, after withdrawal by the trial judge of the embezzlement count from the jury's consideration. While appellant seems to admit there might have been clerical errors on her part in keeping of the bank's records she contends the proof in the case shows no loss was sustained by the bank.

We have carefully examined the record and briefs in this case and are unable to find merit in any of appellant's assignments. The proof in the record to support the judgment of conviction

---

* Marion S. Boyd, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation.

on the four false entry counts of the indictment submitted to the jury seems to be substantial and quite adequate to sustain the appellant's conviction, and we are unable to say there was reversible error concerning legal questions ruled upon by the district judge during the trial.

■ Evidence of numerous similar transactions objected to by appellant and which were attributable to her manipulations and falsifications of the books and records of the bank were admissible to show on her part, among other things, an intent to injure or defraud the bank. United States v. Neal, 344 F.2d 254 (CA 6, 1965); Kowalchuk v. United States, 176 F.2d 873, 878 (CA6, 1949); Weiss v. United States, 122 F.2d 675 (CA5, 1941). Such intent, it should be pointed out, also is an essential element of the within offenses under the statute on which this prosecution is based. United States v. Schaffer, 266 F.2d 435 (CA2, 1959), affrm'd. 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921; Grant v. United States, 255 F.2d 341 (CA6, 1958). Likewise, evidence of similar transactions was admissible to show the absence of mistake or accident. Weiss v. United States, (supra).

Appellant's method of defrauding the bank through false entries involved a juggling of figures with respect to a number of its checking accounts as well as the bank's own checking account at the Central Trust Company in Cincinnati, Ohio. Her method in this regard is referred to in the record as the "roll-over" technique, by which appellant withheld deposits from certain customer accounts, subsequently restoring wholly or partially the shortages caused in these accounts through false deposit slips and by using deposits withheld from other customer accounts. The four indictment accounts were used continuously by appellant in this "roll-over" technique from February, 1962, through June 22, 1963. As of the latter date these four accounts had been shorted a total sum of $54,-877.82. During the following week the aforesaid accounts were brought into

balance on the bank's records by placing the Laura Martin ledger card in the closed files of the bank, thus concealing a shortage of $12,616.81. The exact remaining shortage of $42,261.01 in the four indictment accounts was made up by reducing the balance of the City of Williamsburg, Ohio, checking account from $61,081.54 to $18,757.53. The aforementioned Martin and Williamsburg accounts were the last manipulated by appellant in her series of "roll-overs" to conceal the shortages which made up the false entries set out in the four indictment accounts herein.

■ Although the bank's losses were concentrated in the four indictment checking accounts, evidence of similar handling with respect to other checking accounts of the bank, as for instance the aforesaid Laura Martin account, was also admissible to show a continuing plan, system or scheme on the part of the appellant to injure or defraud her employer. United States v. Neal (supra); Roberson v. United States, 282 F.2d 648, 651 (CA6, 1960) cert. den. 364 U.S. 879, 81 S.Ct. 167, 5 L.Ed.2d 108; United States v. Bucciferro, 274 F.2d 540 (CA 7, 1960) cert. den. 362 U.S. 988, 80 S.Ct. 1076, 4 L.Ed.2d 1021; Grant v. United States, (supra).

■■ Appellant's complaints in this Court concerning the trial judge's ruling which permitted the introduction of evidence concerning matters not within the time period set out in dismissed count five, referred to herein as the embezzlement count of the indictment and as specified in the bill of particulars, we find without substance. Likewise, the admission of certain evidence allegedly withheld by the government in its bill of particulars was not reversible error on the part of the trial judge. Nor can there be a valid complaint on this appeal because of the reception of evidence relating to the Laura Martin checking account herein, among others, which might have been received during the district court trial on the embezzlement charge as set out in count five, especially since any

such evidence was admissible in proving the false entry counts of the indictment. United States v. Bucciferro, (supra); United States v. Schaffer, (supra).

Finding no reversible error, the judgment of the district court is affirmed.