**UNITED STATES**

**v.**

**Joy FORTNEY, Appellant.**

**No. 17014.**

United States Court of Appeals Third Circuit.

Argued June 18, 1968.

Decided Aug. 14, 1968.

Harold E. Miller, Altoona, Pa., for appellant.

Vincent A. Colianni, Donald D. Rossetti, Asst. U. S. Attys., Pittsburgh, Pa.

(Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before KALODNER and VAN DUSEN, Circuit Judges and WRIGHT, District Judge.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

The jury returned a verdict of guilty against the defendant, Joy Fortney, upon an indictment charging him with making a false entry on the books of the First National Bank of Altoona, of which he was the manager, in violation of 18 U.S.C.A. § 1005.[1] His motion for judgment of acquittal, or, in the alternative for a new trial, was denied by the District Court and this appeal followed.

Defendant contends that he is entitled to a judgment of acquittal because, in his view, (1) the Government's evidence failed to establish that he made a false entry or that he intended to defraud the bank; and (2) there was a "fatal variance" between the indictment and the Government's testimony.

He further contends that he is entitled to the minimum relief of a new trial because he was prejudiced by "an improper remark" made by the Government's counsel in his closing argument to the jury.

The indictment charged that defendant, while employed as manager of one of the bank's offices, made a false entry in the General Ledger in that he represented the balance of "cash on hand" at the close of business on November 22, 1966 to be "in the amount of $183,829.80 whereas the amount of cash on hand * * * was actually in the amount of $160,893.89, a difference of $22,935.91, as defendant well knew * * *".

The Government's testimony established that at the close of business on November 22, 1966, defendant made an entry in the bank's General Ledger representing "cash on hand" to be $183,829.-80, made up in part of actual cash and evidences of indebtedness, i.e. notes, signed by customers to whom loans had allegedly been made. The Government's testimony also established that certain notes, amounting to $14,466.08, executed by customers in connection with their loan applications, were included in the "cash on hand" $183,829.80 total, although the makers of the notes had never actually received any of the bank's funds.

The Government's proof further established that the "cash on hand" entry of $183,829.80 also failed to reflect payments made by customers on their obligations to the bank in the amount of $7,169.83. The stated items of $14,466.-08 and $7,169.83 totalled $21,635.91.

As the District Court stated in its Memorandum Opinion[2] denying defendant's motion for acquittal and/or a new trial, "These amounts, [$14,466.08 and $7,169.83], totalling $21,635.91, account for the difference between the reported amount of cash items [$183,829.-80] and the actual value of cash items [$162,193.89] reportable for November 22, 1966."

On this appeal, defendant urges that "assuming the funds may have been subsequently misapplied, as contended by the Government, such action on the part of the defendant would not sustain a finding of making false entries based upon the evidence introduced by the Government in this proceeding."

We do not subscribe to this contention. It is settled that if a note representing no real transaction is entered on books of a bank as an asset, to give an appearance of credit which in fact was

---

1. The statute provides in relevant part that:

   "Whoever makes any false entry in any book, report, or statement of such bank with intent to injure or defraud such bank * * * or to deceive any officer of such bank * * *

   "Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. The District Court's Memorandum Opinion is presently unreported.

never extended to the maker of the note, such action may be found by a jury to demonstrate intent to injure and defraud the bank within the statute prohibiting knowingly making false entries on the books of a national or federally insured bank with intent to injure and defraud the bank. United States v. Biggerstaff, 383 F.2d 675, 679 (4 Cir. 1967).

In United States v. Scoblick, 124 F. Supp 881, at page 886 (M.D.Pa.1954), aff'd 225 F.2d 779 (3 Cir. 1955), it was said: "* * * an entry on the books of the bank which is intentionally made to represent what is not true or does not exist, would constitute a false entry."

■ In the instant case, there was ample evidence to support the jury's finding that defendant had made a false entry or entries on the books of the bank in violation of the statute.

■ Defendant's contention that there was a "fatal variance" between the indictment and the Government's proof because the indictment charged that "the amount of cash on hand * * * was actually in the amount of $160,893.-89" while the Government's evidence established that the amount of "cash on hand" was $162,193.89—a difference of $1,300—is utterly without merit.

As the District Court said in its Memorandum Opinion with respect to the "fatal variance" contention:

"Nor was the variance between the allegation in the indictment and the evidence at trial concerning the true balance of 'cash items,' a fatal one. The indictment alleges $160,893.89 as the correct amount and the evidence disclosed an amount not under $162,-193.89 as the true balance. The gist of the offense is the making of a false entry and the amount by which the entry varied from the true figure as disclosed by the evidence was substantial. Berger v. U. S., 295 U.S. 78, 83 [55 S.Ct. 629, 79 L.Ed. 1314] (1935); U. S. v. Wodiska, 147 F.2d 38 (C.C.A. N.Y.1945)".

■ What has been said brings us to defendant's contention that the District Court erred in denying his alternative motion for a new trial.

That contention is premised on the circumstance that counsel for the Government in his closing argument to the jury said:

"The defendant wants the jury to infer that some other thief took the money."

The stated remark was made in the course of reference to the testimony of a Government witness that she had given defendant an envelope with $150.50 in cash and checks to be deposited in the bank account of the Heart Fund and the envelope was later found in defendant's desk with only $27.50 remaining in it.

The District Court in its Memorandum Opinion stated that:

"In the context in which the remark was made, this court views it as the sort of lapsus linguae that is not so prejudicial as to warrant the granting of a new trial".

We cannot say that the District Court erred in holding that the unfortunate remark of Government's counsel was not "so prejudicial as to warrant the granting of a new trial." The jury was directed in the court's charge to consideration of the single issue as to whether defendant had made a false entry or entires, and it was specifically instructed that: "You cannot convict merely because you believe the defendant has committed some wrongful act in the course of his dealings with certain customers."

It must be observed that no exception was taken to the District Court's charge nor was it requested by defendant to give the jury any further instruction.

For the reasons stated the Order of the District Court denying defendant's motion for judgment of acquittal, or in the alternative, for a new trial, will be be affirmed.