Burke, J. (dissenting).
The record before us in this case discloses incidents at the trial which I regard as so prejudicial to the defendant-appellant’s rights as to require a reversal of the judgment of conviction and a new trial.
Herbert Schwartzman stands convicted upon an indictment which charged that, on September 24, 1964, he sold to a Mrs. Gladstone certain accounts receivable of the Safety Circuit *252 Corporation 1 ‘ with the intent to deprive and defraud ’ ’ her by use of false and fraudulent misrepresentations. He was convicted of larceny in the first degree. At that trial, defendant testified in his own 'behalf and stated that, when he sold these accounts receivable valued at $1,592 to Mrs. Gladstone for $1,000, she had knowledge of the prior assignment of these accounts.
After testifying in this limited manner, defendant was subjected to an extensive cross-examination. At this time, the prosecutor introduced, over objection, documentary evidence which related to prior bad acts, allegedly committed by the defendant. Defendant contends that this documentary evidence was inadmissible when introduced and that the court’s failure to prohibit the admission initially and its refusal to give a proper charge on the evidence at the conclusion of the trial constitute adequate and independent grounds for a reversal in this case.
It is, of course, undisputed that a witness’ answers concerning collateral matters cannot be contradicted by the use of extrinsic evidence. It is equally established that documentary evidence is admissible when it relates to a fact material to the prosecution. To this extent, I am in full accord with the majority opinion (pp. 243-246). Until today, it 'had also been firmly settled that the law drew a distinction between impeaching the credibility of a witness by documentary evidence and establishing an essential element of a crime by the same means. (See, e.g., People v. Malkin, 250 N. Y. 185, 201.) While the law recognizes such distinctions, courts have been quick to acknowledge that ‘ ‘ juries often disregard such distinctions ’ ’ (250 N. Y., p. 201, supra). Nevertheless, the .rule had always been that, where evidence is competent when introduced for one purpose and incompetent for another, it is not rendered inadmissible, but will be permitted for the sole purpose for which it is competent. (See, e.g., Richardson, Evidence [9th ed.], § 6; Fisch, New York Evidence [1959], § 16.) Indeed, in analogous situations to the case at bar, it has been continually held that evidence of similar misdeeds is admissible when it is substantially relevant for a purpose other than merely to show defendant’s criminal character or disposition. (United States *253 v. Deaton, 381F. 2d 114 [2d Cir.]; United States v. Knohl, 379 F. 2d 427, 439 [2d Cir.]; see, also, People v. Adams, 21 N Y 2d 397.) In the latter case, this court concluded, in an opinion by Judge Scileppi, that, although the evidence was technically admissible for a limited purpose, the summation of the District Attorney was such as to vitiate whatever protection cautionary instructions would afford.
As I read the majority’s opinion, it is their contention that, since the introduction of this documentary evidence might have been relevant to the crucial issue of intent, it thereby became relevant for purposes of impeaching the defendant’s credibility (p. 249). Such a conclusion goes far beyond prior decisions of this court and indeed encroaches upon the well-settled policy of this State that “ One may not be convicted of one crime on proof that he probably is guilty because he committed another crime ”. (People v, Goldstein, 295 N. Y. 61, 64.) "While the majority indisputably possesses the power to change this entrenched and well-reasoned rule, I find that, in their attempt to justify the admissibility of prejudicial evidence in this way, they have seized upon a premise which is in itself defective. I refer to their conclusion that this documentary evidence was relevant — as admitted—to the crucial issue of intent.
While I do not disagree with the majority that evidence of other prior misdeeds is admissible where intent is in issue (People v. Molineux, 168 N. Y. 264), I cannot ignore the significant limitation which has been imposed by numerous jurisdictions, including New York, that this evidence must refer to events which have reference to the specific charge by reason of the proximity of time, place and circumstance. (People v. Molineux, 168 N. Y., supra, p. 300; see, also, Patterson v. United States, 361 F. 2d 632 [8th Cir.]; United States v. Kirkpatrick, 361 F. 2d 866 [6th Cir.]; United States v. D’Antonio, 362 F. 2d 151 [7th Cir.]; Reed v. United States, 364 F. 2d 630 [9th Cir.]; Pardo v. United States, 369 F. 2d 922 [5th Cir.] ; Boggs v. State, 268 Ala. 358; Dorsey v. State, 25 Ariz. 139; Stone v. State, 162 Ark. 154; Richardson, Evidence [9th ed.], §§ 177, 182; Fisch, New York Evidence [1959], § 217; Ann., Evidence — Similar False Pretenses, 78 ALR 2d 1359, 1365-1367, § 2, subd. [b], and cases cited therein.)
*254 In the instant case, each time the defendant’s attorney objected to the introduction of the documents referred to by the majority, the trial court overruled him, commenting (incorrectly) that the documents were admissible to impeach the defendant’s credibility. The following colloquy, concerning a chattel mortgage executed on June 21, 1962 and given to the Franklin National Bank, is illustrative of similar rulings at trial:
“ Mr. Guiney [prosecutor]: I offer it [a copy of the chattel mortgage] in evidence at this time, your Honor.
“The Court: Show it to Mr. Sutter [defendant’s trial counsel].
“Mr. Sutter. I object to the introduction of the proposed exhibit on the basis, number one, it is an incomplete document, the terms and conditions are not completed therein; number two, it is with respect to a collateral matter * * *
“ The Court: I overrule your objection. I am accepting this as to impeach his credibility.”
Had the trial court admitted the evidence for purposes of establishing the defendant’s intent to defraud, the defendant’s attorney could then have challenged the admissibility of such evidence on the ground that it was not sufficiently related to the crime charged either in time, circumstance or place. (People v. Molineux, 168 N. Y., supra, p. 300.) Defendant’s attorney was not permitted to challenge the tendered documents pursuant to Molineux when the court ruled that said documents were admitted solely to impeach credibility. As the majority indicates a “ cross-examiner cannot contradict a witness’ answers concerning collateral matters by producing extrinsic evidence for the sole purpose of impeaching credibility” (p. 245). As a result, the Judge erred in his reason for admitting the evidence and by this error precluded the defendant’s attorney from contesting the admissibility of this evidence. The subsequent shift in position by the court, at the conclusion of the cross-examination, when it was asserted for the first time that these documents were admitted to prove the defendant’s intent as well as to impeach his credibility was ineffective insofar as the defendant’s right to a fair and impartial trial *255 is concerned.[1] Moreover, when the defendant’s attorney, on redirect examination, asked the defendant specific questions relating to these documents, he was told that the questioning was improper as the issues were collateral. In effect, then, the Judge precluded all efforts hy the defendant’s attorney to show that these documents did not establish his intent to commit the crime. The rule of People v. Molineux was itself a departure from the general restriction imposed against the introduction of similar acts. The present decision, it is submitted, goes far beyond the carefully considered and restrictive rules set forth in prior cases. (See, e.g., People v. Molineux, 168 N. Y. 264, supra; People v. Dales, 309 N. Y. 97, supra.) One can only speculate whether those decisions are this day overruled.
The errors discussed above were further compounded when the District Attorney questioned the defendant in reference to a charge of which he had been acquitted. The totality of circumstances in this case, I feel, precludes us from stating that “ the error is harmless beyond a reasonable doubt ” (p. 251).
In concluding, I would merely emphasize the following passage from Justice Sutherland’s opinion in Funk v. United States (290 U. S. 371, 381): “ The fundamental basis upon which all rules of evidence must rest-—if they are to rest *256 upon reason — is their adaptation to the successful development of the truth.” The trial procedure employed ¡below prevented the defendant from developing the truth. Accordingly, I would reverse the judgment of conviction and order a new trial.
Judges Scileppi, Bergan and Breitel concur with Judge Jasen; Judge Burke dissents and votes to reverse and order a new trial in a separate opinion in which Chief Judge Fuld and Judge Keating concur.
Judgment affirmed.

. The cross-examination of defendant S'chwartzman began on page 389 of the -trial transcript. The entire cross-examination covered 90 pages. It w.as not until -the defendant had been examined by the prosecutor for 84 of -these pages that the Trial Judge first suggested that the documents—then firmly embedded in the record—-might be admissible to show the defendant’s intent. The majority would require the defendant’s attorney to attempt at this stage of the cross-examination to show that -the prosecution could not have properly introduced these documents on the issue of intent. Obviously, the burden should fall on the prosecutor to show that these documents which he introduced were admissible under People v. Molineux (168 N. Y. 264, supra) and People v. Dales (309 N. Y. 97). Instead the prosecutor told the jury in hie summation that, “as I recall, his [defendant’s] testimony seemed to indicate that in the past he had given chattel mortgages on property he did not own, and that he had given Checks -to people knowing that -the amount of the check was not in the bank; * M the reason we asked him those questions [was] to establish to you whether or not his testimony is worthy and was worthy of belief. ” It is indeed a novel doctrine to require the defense counsel, under these circumstances, “to rebut all alleged instances of his [defendant’s] other misconduct and to establish any purported lack of relationship .between the alleged misconduct and the crime charged.”