**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clyde F. ASHCOM and Charles S. O'Toole, Jr., Defendants-Appellants.**

No. 28234.

United States Court of Appeals, Fifth Circuit.

June 30, 1970.

Joseph A. Varon, Varon, Stahl & Perlin, Hollywood, Fla., Jerry Mosca, Mosca & Barone, Shalle Stephen Fine, Miami, Fla., for Charles S. O'Toole, Jr.

Samuel S. Forman, Miami, Fla. (Court-appointed), Clyde F. Ashcom, pro se, for Clyde F. Ashcom.

Robert W. Rust, U. S. Atty., Aaron A. Foosaner, First Asst. U. S. Atty., Wm. A. Daniel, Lloyd G. Bates, Jr., Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before BELL, COLEMAN, and AINSWORTH, Circuit Judges.

BELL, Circuit Judge:

Appellants were charged in a twelve count indictment with violating Title 18 U.S.C.A. §§ 656 and 1005 through the misapplication of the funds of a bank whose deposits were insured by the Federal Deposit Insurance Corporation, and with making false entries in the books and records of the bank. The appellants were bank officers. Ashcom was convicted on Count 1 among others. The government confesses error as to Count 1 and the judgment will be reversed and rendered on that count. Ashcom was also convicted on Counts 2, 3, 4, 5, 6, 8, 10, 11, and 12. O'Toole was convicted on Counts 2, 3, 4, and 6.

Count 2 is a conspiracy count charging Ashcom and O'Toole with conspiring to violate both statutes through transactions and events having to do with purchase and resale for profit of repossessed automobiles. The modus operandi alleged was one of the bank advancing the purchase price to the purchasers as loans without the role of Ashcom and O'Toole being disclosed on the bank records. The overt acts which were a part of the count set out four separate transactions. These included sales to Moutell, O'Brien, and Laspina with subsequent loans to them by the bank. Neither the role of O'Toole as the seller of the vehicles, two of which were previously repossessed by the bank and purchased by O'Toole, nor the participation of Ashcom in the transactions, was disclosed on the bank records. Others were shown as the sellers.

There was some falsity as to each transaction which we need not detail except to say the evidence disclosed

that false entries were made in each instance. In addition, there was a misapplication of the funds of the bank in each instance. The transactions were handled in such a manner and in such circumstances as to form a proper predicate for a jury verdict of guilty on the element of the statute that the acts were done with intent to injure and defraud the bank. The evidence was sufficient to sustain the convictions under Count 2. See Garrett v. United States, 5 Cir., 1968, 396 F.2d 489, 491, on the elements of the substantive offense under 18 U.S. C.A. § 656 (misapplication of funds), and cf. United States v. Fortunato, 2 Cir., 1968, 402 F.2d 79. On the false entries statute, 18 U.S.C.A. § 1005, see United States v. Fortney, 3 Cir., 1968, 399 F.2d 406; United States v. Biggerstaff, 4 Cir., 1967, 383 F.2d 675; United States v. Kirkpatrick, 6 Cir., 1966, 361 F.2d 866; and cf. Harrison v. United States, 5 Cir., 1960, 279 F.2d 19, 24–25.

■ Ashcom and O'Toole were also found guilty under Counts 3, 4, and 6 of making false entries. These substantive counts were based on the Moutell, O'Brien, and Lapsina loan, respectively, and the evidence was sufficient to sustain the verdict of guilty in each instance.

Ashcom was also found guilty on Counts 5, 8, 10, and 12, each charging misapplication of bank funds under § 656, and Count 11, charging false entries under § 1005. Count 5 was based on a so-called phantom loan in the name of Barbara Forrest. Count 8 was based on a false loan allegedly made to Lee which was in fact made to Ashcom. Count 10 was based on a phantom loan allegedly made to Ann Pohl for the use and benefit of Ashcom. Count 12 was also based on a false loan purportedly to Coleman but in fact for the benefit of Ashcom. The evidence was sufficient as to each of these counts. Count 11 charged a false entry in connection with a title retention contract where the seller of an automobile was described as Empire Auto Brokers, Inc. whereas the seller

was in fact Ashcom. The evidence was sufficient on this count.

■ There is one assignment of error which requires reversal for both appellants. This asserted error is based on the fact of the trial court allowing a group of bank files in evidence under the following circumstances. These files were received in evidence for authentication purposes only and were marked as Exhibits 17 through 27. There was an express ruling that they were not received for purposes of materiality or relevancy. The prosecution never offered them for such purposes. Thus appellants were never afforded an opportunity to object to any particular record from the standpoint of relevancy or materiality.

After the case was submitted to the jury, a discussion arose between the court and counsel as to which exhibits were to be sent to the jury room. The court ruled that the files in question had not been admitted in evidence to the extent that they could properly be considered by the jury as evidence. The government persisted in its position that they were in evidence and, over objection, the district court finally reversed its prior ruling and directed that they be transmitted to the jury which was then considering its verdict in the jury room. We have examined these files and have concluded that there is a good deal of prejudicial content in them. One example will suffice. Exhibit 27, the Berman file, related to a dismissed count in the indictment against Ashcom. This file contained documents which showed a loss to the bank of $5,622.23, a check to Berman signed by Ashcom for the bank, and various references to Ashcom and O'Toole. In addition, several of the files are in the pattern of disclosing losses to the bank and the involvement in the loans of Ashcom and O'Toole.

There is one additional assignment of error as to Ashcom. He was arraigned on an indictment similar in content to the present indictment. The present indictment with only minor factual changes superseded the prior indictment.

Ashcom contends that he was prejudiced by not being arraigned on the present indictment. We pretermit the question presented for the reason that it will be a simple matter to arraign Ashcom on the indictment prior to such retrial as may be indicated on remand.

Reversed and rendered on Count 1 as to Ashcom; reversed and remanded for further procedings not inconsistent herewith on all other counts.