**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Andrew Lee WELLS, Defendant-Appellant.**

**No. 19737.**

United States Court of Appeals, Sixth Circuit.

Aug. 18, 1970.

Certiorari Denied Dec. 21, 1970. See 91 S.Ct. 380.

William D. Beyer, Cleveland, Ohio, for defendant-appellant; Edward F. Marek (court appointed), Cleveland, Ohio, on brief.

Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee; Robert B. Krupansky, U. S. Atty., Cleveland, Ohio, on brief.

Before CELEBREZZE and PECK, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Appellant was convicted of aiding and abetting the commission of armed bank robbery of a bank in North Bloomfield,

Ohio, on January 5, 1968, in violation of Title 18, Sections 2 and 2113(a).

At trial, the government used the testimony of appellant's three accomplices who participated in the actual robbery of the bank to implicate him. The accomplices testified that appellant planned and later shared in the proceeds from the robbery. Appellant was not present during the course of the commission of the crime since he entered a Cleveland hospital that day and presented business records to establish this fact.

The government also offered evidence of appellant's alleged participation in a like and similar bank robbery in Cleveland, Ohio, that occurred a short time after the North Bloomfield robbery as tending to show his intent to commit the crime charged, and to show a common scheme or system of operation between the two bank robberies. We find no error in the admission of this similar act in evidence. United States v. Neal, 344 F.2d 254 (6th Cir. 1965); Kowalchuk v. United States, 176 F.2d 873 (6th Cir. 1949).

During the government's direct examination of one of the accomplices, appellant objected to and requested a mistrial for the following objectionable statement (italicized) made by the witness:

"Q. When did you first have a discussion concerning a bank in North Bloomfield with Mr. Wells?

"A. It was say around the fourth trip out there. He brought up the subject and also pointed this bank out to me.

"Q. You mean you were driving by it?

"A. Yes.

"Q. Do you remember what he said when he pointed it out to you?

"A. He planned to rob it.

"Q. Did he say anything else?

"A. And *he had planned this in the penitentiary.*

"Mr. Marek: Objection, your Honor. Ask the jury to disregard that and ask for a mistrial."

The District Court sustained the objection and went on to instruct the jury as follows:

"[Y]ou are to completely disregard this statement made by the witness. Completely disregard it. Put it out of your mind. Do not permit it to influence your judgment in this case in the slightest."

Appellant's contention on appeal is that this statement concerning his commitment in the penitentiary was prejudicial and denied him a fair trial since his bad character was never in issue and he did not testify. The government contends that the District Court's prompt instruction to the jury cured the error, and if it did not, the error was harmless.

It is the general rule that the subsequent striking of erroneously admitted evidence accompanied by a clear and positive instruction to the jury to disregard it cures the error, but if the evidence is of such an exceptionally prejudicial character that its withdrawal from the consideration of the jury cannot remove the harmful effect caused by its admission, a new trial will be granted. United States v. Farber, 336 F.2d 586, 589 (6th Cir. 1964). Similarly, in United States v. Smith, 403 F.2d 74 (6th Cir. 1968) we held that under the circumstance there present including the fact that the evidence of guilt was largely circumstantial, the Court's admonition to disregard testimony to the effect that the defendant "just got out of the penitentiary" could not eradicate the prejudice from the minds of the jurors, and the case was remanded for retrial. In two recent cases (United States v. Nemeth, 430 F.2d 704 (6th Cir. 1970); United States v. Poston, 430 F.2d 706 (6th Cir. 1970)) we vacated judgments of conviction and remanded where we concluded an admonition to have been ineffective under the circumstances and that the absence of admonition required reversal respectively.

However, it has been repeatedly and emphatically stated that no hard and fast rule can be established in this area and that each case must be decided

on the basis of the particular situation presented. See Brown v. United States, 380 F.2d 477, 479 (10th Cir. 1967), cert. denied, 390 U.S. 962, 88 S.Ct. 1062, 19 L.Ed.2d 1158 (1968); Sumrall v. United States, 360 F.2d 311, 313 (10th Cir. 1966). The accused statement in the present case, which although not unresponsive to the question was apparently a volunteer statement, was immediately followed by a clear and concise instruction by the trial judge twice admonishing the jurors to "completely disregard" it. We conclude that in the circumstances disclosed by the record the determination to deny the motion for a retrial and to admonish the jury in the language employed was a proper exercise of discretion by the District Court. We are further of the view, however, that in the light of the entire record in this case if an abuse of discretion occurred, the error was harmless since the evidence of guilt was overwhelming. See Brown v. United States, *supra;* United States v. Phillips, 375 F.2d 75 (7th Cir.), cert. denied, 389 U.S. 834, 88 S.Ct. 40, 19 L.Ed.2d 95 (1967); Evenson v. United States, 316 F.2d 94 (8th Cir. 1963).

Affirmed.