904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro BOSCH-GATOS, Defendant-Appellant.
 No. 89-6157.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1990.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Pedro Bosch-Gatos ("Gatos"), and another individual were indicted under 18 U.S.C. Sec. 111 and 2. The indictment contended that Gatos and the other individual, while imprisoned:
 
 
 2
 aided and abetted by one another, did forcibly assault, resist, oppose, impede, intimidate and interfere with Roger Johnson, an officer and employee of the United States Department of Justice, Bureau of Prisons, a person designated in Section 1114 of Title 18, United States Code, while engaged in and on account of the performance of his official duties; in violation of Title 18, United States Code, Sections, 111[1] and 2.
 
 
 3
 The indictment thus included an aiding and abetting charge. The jury convicted Gatos but acquitted the other individual.
 
 
 4
 The events surrounding the indictment are in dispute, but we set out what the jury might reasonably have found in support of the conviction. On Christmas Day 1988, at approximately 10:00 p.m., Corrections Officer Roger Johnson investigated a disturbance among inmates at the Ashland, Kentucky federal penal facility. Johnson testified that he asked the inmates to quiet down when the bell/buzzer indicating "lights out" sounded. As he was leaving the scene, Gatos apparently began to argue with Johnson. After a verbal confrontation, Gatos apparently struck Johnson on the left side of his face. Another inmate grabbed Johnson from behind, but Officer Johnson broke away and struck Gatos.
 
 
 5
 At trial, Gatos and his witnesses contended that Johnson had the smell of alcohol on his breath and acted intoxicated on the night in question. Gatos maintained that the testimony of those present indicated that Johnson had initiated the altercation. Corrections Officer Francisco Gonzalez, however, testified that he did not smell alcohol on Johnson's breath and that Johnson did not appear intoxicated to him.
 
 
 6
 Defendant's first contention is that the government indicted him only for aiding and abetting and that because his co-defendant was acquitted, he could not be properly convicted of aiding and abetting. We cannot accept this proposition.
 
 
 7
 First, the government indicted Gatos, charging him with both the underlying offense set out in footnote 1, as well as aiding and abetting in the underlying offense. The jury could properly convict him with committing the underlying offense even though his co-defendant was acquitted.
 
 
 8
 Second, assuming that Gatos was indicted for aiding and abetting only, he may still be convicted of aiding and abetting even though his co-defendant was acquitted. In Standefer v. United States, 447 U.S. 10 (1980), the Supreme Court held that one could be convicted of aiding and abetting an offense even though all other defendants are acquitted. The Court stated that 18 U.S.C. Sec. 2[2] evinces a clear intent to permit the conviction of accessories to federal criminal offenses despite the prior acquittal of the actual perpetrator of the offense.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 With the enactment of that section [18 U.S.C. Sec. 2], all participants in conduct violating a federal criminal statute are "principals." As such, they are punishable for their criminal conduct; the fate of other participants is irrelevant.
 
 
 12
 447 U.S. at 19-20 (footnote omitted). See also United States v. Dixon, 658 F.2d 181, 189 (3rd Cir.1981) ("the Supreme Court has held that a defendant accused of aiding and abetting in the commission of a federal offense may properly be convicted despite the acquittal of the alleged perpetrator of the offense.") (citing Standefer ). Thus, Gatos' argument that he could not be convicted is misplaced. We, therefore, overrule this assignment of error.[3]
 
 
 13
 Defendant's second assignment of error is that the district court violated Fed.R.Evid. 702 by permitting the introduction of the testimony of Officer Gonzalez concerning the results of a breathalyzer test allegedly administered to Officer Johnson. Specifically, defendant contends that the district court's admonition to the jury to disregard such evidence was insufficient to cure the alleged error.
 
 
 14
 In this case, the trial court first overruled defendant's objection to a question about the administration of a breathalyzer test and then instructed the jury to disregard the previously-admitted evidence concerning the breathalyzer evidence. The questioned evidence came about in the following fashion as to witness, Gonzalez:
 
 
 15
 Q. You're familiar with the events that occurred that involved where Officer Johnson was struck that evening; are you not?
 
 
 16
 A. Yes.
 
 
 17
 Q. Now, after that event, was that allegation made that Officer Johnson had been drinking?
 
 
 18
 A. Yes, it had been made.
 
 
 19
 Q. And as his supervisor, do you know if a breathalyzer test was administered to him that night?
 
 
 20
 A. Yes, it was.
 
 
 21
 Q. What was [sic] the results?
 
 
 22
 A. It--
 
 
 23
 MR. PRUITT: Objection, unless a foundation is laid as to his expertise.
 
 
 24
 THE COURT: Overruled.
 
 
 25
 Q. Your answer again, sir?
 
 
 26
 A. The test was negative for any alcohol.
 
 
 27
 Q. Were you, at approximately ten o'clock that evening, called into E Unit?
 
 
 28
 A. Yes, I was.
 
 
 29
 * * *
 
 
 30
 * * *
 
 
 31
 Q. Do you have any expertise in the administration of the breathalyzer?
 
 
 32
 A. Expertise?
 
 
 33
 Q. Yes. Have you been trained at, say, our Eastern Kentucky Police Academy at Richmond?
 
 
 34
 A. No, I have not.
 
 
 35
 Q. Are you a certified breathalyzer operator?
 
 
 36
 A. No, I'm not.
 
 
 37
 Q. Do you know the type of machine employed in this case?
 
 
 38
 A. Not to my knowledge right now.
 
 
 39
 Q. Do you know whether or not it employs a capsule packed in dichromate and uses that to change color, as the alcohol bubbles through that?
 
 
 40
 A. No, it's not.
 
 
 41
 This court has stated that "the general rule is that the subsequent striking of erroneously admitted evidence accompanied by a clear and positive instruction to the jury to disregard cures the error." United States v. Steele, 727 F.2d 580, 588 (6th Cir.), cert. denied, 104 S.Ct. 2396 (1984) (citing United States v. Wells, 431 F.2d 432, 433 (6th Cir.), cert. denied, 400 U.S. 967 (1970)). Where, however, "the evidence is of such an exceptionally prejudicial character that its withdrawal from the consideration of the jury cannot remove the harmful effect caused by its admission, a new trial will be granted." Wells, 431 F.2d at 433. "[N]o hard and fast rule can be established in this area and ... each case must be decided on the basis of the particular situation presented." Id.
 
 
 42
 Under the circumstances here we do not believe a new trial is required. The court granted defendant's motion to strike the testimony regarding the breathalyzer test because it had not been disclosed pursuant to the court's pretrial discovery order. By agreement of defense counsel, the jury was not told why the evidence was being struck. There had been a rigorous cross-examination as to the reliability of the test and the expertise of the person giving the test. Thus when evidence regarding the breathalyzer test was struck and the jury instructed to disregard it, there is no reason to believe that fair-minded jurors would be unable to follow the instruction. No motion for mistrial was made. There was testimony both ways regarding whether Johnson had been drinking. Several detainees testified Johnson smelled of alcohol. Two correctional officers testified they saw no signs of drinking. In view of the court's strong admonitions to the jury to disregard the test, any error in its admission was harmless.
 
 
 43
 Accordingly, the judgment of the district court is AFFIRMED.
 
 WELLFORD, Circuit Judge, dissenting:
 
 44
 On the second issue concerning the breathalyzer test, I respectfully dissent. I find no basis for the prosecutor's asking the question of a witness who had no valid understanding about breathalyzer testing and no expertise in interpreting the results. Gatos, a Cuban refugee, had difficulty understanding and speaking English. He was handicapped in presenting his case before a Kentucky jury in the first place. In my view, it was prejudicial for the prosecutor to elicit a response from the government witness that "the test was negative for any alcohol" (emphasis added) under the circumstances.
 
 
 45
 The clear intent of this procedure was to bolster Johnson's credibility. What happened in the cellblock that Christmas night is the subject of vigorous dispute. Johnson's condition was an issue, and a critical issue, with respect to the government's burden of proof in the face of strong contrary evidence about the episode from other prisoners supportive of Gatos.
 
 
 46
 I conclude that the district court erred in overruling objection by defendant's counsel to the breathalyzer question, and that the error was prejudicial and not cured by the later instructions to disregard.
 
 
 
 *
 THE HONORABLE CHARLES W. JOINER, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Section 111 provides:
 Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties shall be fined not more than $5,000 or imprisoned not more than three years, or both.
 18 U.S.C. Sec. 111.
 
 
 [2]
 Section 2 provides:
 (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal.
 18 U.S.C. Sec. 2.
 
 
 [3]
 Gatos does not challenge the sufficiency of the evidence