**UNITED STATES of America,
Appellee,**

v.

**Albert GUDINO, Appellant.**

**No. 24482.**

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1970.

Norman Reitz, San Francisco, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Howard B. Frank, Asst. U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and ELY, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Convicted of an offense proscribed by 21 U.S.C. § 174, Gudino appeals. He urges reversal for three reasons, none of which has merit.

---

4. Id.

* Honorable William J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation.

It is first contended that the evidence is insufficient to support the conviction. While one of the Government's witnesses testified that he actually saw Gudino discard a packet of heroin, Gudino argues, in effect, that this testimony should be wholly discounted because other witnesses who were present did not observe this act. The argument has no weight whatsoever. The testimony of the one witness, if believed, was sufficient to support the conviction, and the resolution of any question as to his credibility was properly entrusted to the jury.

The second contention is that the district judge erroneously permitted the prosecution to produce a witness in rebuttal. From the beginning of the trial the court had excluded witnesses from the courtroom. The witness in question, a narcotics agent, had testified for the prosecution during the presentation of its case in chief. Upon the conclusion of that testimony, the prosecution requested that the agent be permitted to remain in the courtroom. Defense counsel remarked that there would be no objection provided that the prosecution would not later call upon the witness for additioal testimony. When the prosecution later called the witness for rebuttal testimony, the defense would have been justified in making an objection so that the trial judge might consider whether the anticipated rebuttal testimony should be received. No objection, however, was made to the recall of the witness or to any rebuttal testimony which he presented. In these circumstances, the appellant is in no position now to complain.

Finally, Gudino attacks the statute which prevents the possibility of his parole. 26 U.S.C. § 7237(d). This Congressional prohibition is not constitutionally defective, and there is no legal basis for its invalidation by us.

Affirmed.