**Clyde SHEARS, Plaintiff,**

v.

**John D. ROCKEFELLER, IV, et al, Defendants.**

**Civ. A. No. 84–2414.**

United States District Court, S.D. West Virginia, Charleston Division.

Feb. 28, 1986.

national origin discrimination, however, which is actionable under Title VII. 42 U.S.C. § 2000e–2.

Clyde Shears, pro se.

John S. Haight, Ann Haight, Kay, Casto & Chaney, Charleston, W.Va., for defendants.

### ORDER

HADEN, Chief Judge.

■ Pending is the Defendants' motion to dismiss, filed August 1, 1985. Shears' complaint, filed October 23, 1984, charges that Defendant, and then Governor, John D. Rockefeller, IV, failed to investigate corruption in Marion County. The complaint further charges that John A. Bailes, Chairman of the West Virginia Board of Probation and Parole, and Rockefeller conspired to deny Shears a pardon for his conviction of first degree sexual assault. Specifically, Shears charges that he wrote on November 14, 1983, a letter to Rockefeller that there existed corruption in Marion County and that Rockefeller should investigate the same. On December 6, 1983, Rockefeller, by counsel, George Carenbauer, considered Shears' November letter to be a plea for clemency and Carenbauer outlined the types of pardons available through the Governor's office and the crite-

ria for determining the appropriateness of particular kinds of pardons.

Carenbauer described a full pardon as available to those persons who have long been released from prison and who wish to clear their records. A conditional pardon and other similarly limited types of pardons listed by Carenbauer apply to those who are incarcerated at the time of application.

On December 15, 1983, Shears, who will be eligible for parole in 1989, requested a full pardon. On April 3, 1984, Shears received a letter from John Bailes, which informed him that the Board of Probation and Parole would recommend denial of Shears' request for executive clemency.*

■ The Governor's stated policy of not granting full pardons to those who are still incarcerated does not implicate federally cognizable constitutional interests. *Cf., McGinnis v. Royster*, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973) (minimal rationality is required to sustain legislative classification to determine optimal time for parole); *U.S. v. Gudino*, 432 F.2d 433, 434 (9th Cir.1970) (no constitutional defect in a statute which denies the possibility of parole) "Seldom if ever has [the] power of executive clemency been subjected to review by the courts." *Solesbee v. Balkcom*, 339 U.S. 9, 12, 70 S.Ct. 457, 458, 94 L.Ed. 604 (1950). *See also* 59 Am.Jur.2d *Pardons* § 13 (1971); *Binion v. Department of Justice*, 695 F.2d 1189 (9th Cir.1983) (presidential pardon applicant has no due process rights in determination of whether or not he is entitled to pardon).

■ The Court has reviewed *W.Va. Const.*, Art. VII, § 11, and *W.Va.Code*, § 5-1-16, which authorize the Governor to grant pardons, and the Court has determined that there is no language which would give Shears a legally enforceable entitlement to the pardon he requested. *See also Coole v. Sims*, 133 W.Va. 619, 58 S.E.2d 784, 790 (1950).

In the instant case, Shears alleges that he was refused a pardon and the Court has

---

* The Board of Probation and Parole determines the propriety of candidates for pardon and makes recommendations to the Governor at the Governor's request.

determined that this triggers no constitutionally protected rights. Accordingly, Shears states no claim for relief under 42 U.S.C. § 1983 for conduct resulting in denial of Shears' pardon by Bailes and Rockefeller.

■ Shears also claims that the Governor has failed to investigate his allegations of corruption in Marion County. The Court is unable to discern any federally protected right to compel investigation as requested by Shears. As such, the Court determines that Shears' claim for failure to investigate does not state a claim for relief pursuant to 42 U.S.C. § 1983.

Based upon the foregoing, the Defendants' motion to dismiss, filed August 1, 1985, is granted.