**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bill Tyrone James Descharm WATSON,
Defendant–Appellant.**

**No. 06–30591.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed July 2, 2007.

Anna S. Peckham, Esq., U.S. Attorney's Office, Great Falls, MT, for Plaintiff–Appellee.

R. Henry Branom, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: B. FLETCHER, and PREGERSON, Circuit Judges, and SELNA,* District Judge.

---

* Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

744

MEMORANDUM **

Defendant–Appellant Bill Tyrone James Descharm Watson appeals his district court conviction and sentence for attempted sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2242(2)(B). Watson argues that the district court failed to exclude certain testimony as a discovery sanction, that there was insufficient evidence to support his conviction, and that his sentence is unreasonable. We find no error and affirm.

First, the district court did not err by allowing testimony about the victim's clothing which had been DNA tested. Watson moved to exclude the testimony as a discovery sanction because the government did not produce witness interview summaries until the day of trial.[1] The government timely disclosed these witnesses and was under no obligation to produce the interview summaries.[2] See Fed.R.Crim.P. 16(a)(2). In addition, the district court allowed Watson to add additional witnesses to respond to the testimony. The district court did not abuse its discretion by refusing to exclude the evidence as a discovery sanction.

Second, viewed in the light most favorable to the government, the evidence at trial was sufficient to allow a rational juror to conclude beyond a reasonable doubt that Watson attempted to commit sexual abuse. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The testimony of a single witness, if believed, is sufficient to support a conviction, and the question of a witness's credibility is properly entrusted to the jury. See United States v. Gudino, 432 F.2d 433, 434 (9th Cir.1970). The government presented testimony by a percipient witness that Watson was kneeling at the edge of the bed with his pants down and appeared to be having sex with the victim, who was passed out and naked except for her shirt. Much of this testimony was corroborated by other witnesses. The fact that there was no physical evidence to positively link Watson to the victim is not dispositive. The evidence was sufficient to support his conviction.

Finally, Watson's sentence was not unreasonable. The district court calculated the advisory sentencing guidelines range, considered the sentencing factors set forth in 18 U.S.C. § 3553(a), and stated its reasons for imposing the particular sentence. The district court considered the letters of support submitted on Watson's behalf, heard testimony by Watson's father and grandmother, and described the factors set forth in 18 U.S.C. § 3553(a). The district court also looked at the specifics of Watson's case, noting that he had attempted to take advantage of a vulnerable young girl and that he displayed no remorse for his acts. The district court gave marginally adequate reasons for the sentence imposed, although a fuller explanation would have been helpful. See Rita v. United States, —— U.S. ——, ———–——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007). The sentence of 178 months, which falls

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The government re-interviewed the witnesses upon receiving a potentially exculpatory DNA report after the discovery deadline. Watson did not object to the report, which the government had promptly produced.

2. Even if the interview summaries were subject to disclosure under the Jencks Act, the government met its obligations by producing the statements before the witnesses testified on direct examination at trial. See 18 U.S.C. § 3500.

within the advisory guidelines range, was not unreasonable.

**AFFIRMED.**