**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clarence Lindsey FOSTER,**
**Defendant–Appellant.**

No. 06–30533.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2007.

Filed Sept. 12, 2007.

Anna S. Peckham, Esq., U.S. Attorney's Office, Great Falls, MT, for Plaintiff–Appellee.

Brad L. Arndorfer, Esq., Billings, MT, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we do not recite them

Before: CANBY, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Appellant Clarence Lindsey Foster ("Foster") was convicted by a jury of conspiracy to distribute methamphetamine. He appeals on the grounds that the case against him should have been dismissed due to pre-indictment delay, that the district court's chastising of defense counsel during voir dire and trial prejudiced him and required the granting of a new trial, and that there was insufficient evidence to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291; we reject Foster's contentions and affirm.[1]

With respect to the first issue Foster raises, his contention fails because he did not show prejudice from any pre-indictment delay. *United States v. Huntley,* 976 F.2d 1287, 1290 (9th Cir.1992). His arguments about what he might have been able to show in support of an alibi defense if certain records had not been destroyed are purely speculative, and he never represented that the lost records *would* show that he could not have been guilty of the charged crime. *See United States v. Barken,* 412 F.3d 1131, 1134 (9th Cir.2005); *Huntley,* 976 F.2d at 1290–91; *United States v. Sherlock,* 962 F.2d 1349, 1353–54 (9th Cir.1992). The district court, therefore, did not abuse its discretion in denying his motion to dismiss the indictment.[2]

except to the extent necessary to aid in understanding this disposition.

2. Foster contends that the district court applied the incorrect legal standard in analyzing his argument, but this issue is immaterial

We also reject Foster's second contention that the district court's conduct prejudiced him. Any error of this sort was harmless because the judge's comments did not show actual bias or leave an abiding impression that the jury perceived an appearance of advocacy or impartiality. *See United States v. Scholl,* 166 F.3d 964, 977 (9th Cir.1999); *United States v. Laurins,* 857 F.2d 529, 537 (9th Cir.1988); *United States v. Harris,* 501 F.2d 1, 9–10 & nn. 14–16 (9th Cir.1974).

Finally, we reject Foster's contention regarding the sufficiency of the evidence because a rational trier of fact clearly could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Naghani,* 361 F.3d 1255, 1261 (9th Cir.2004). Donny Ferguson testified that she and Foster repeatedly engaged in the distribution of methamphetamine which Foster had procured and that Foster kept the proceeds from the distribution, and her testimony was corroborated. Since even "[t]he testimony of [ ] one witness, if believed, [i]s sufficient to support [a] conviction, and the resolution of any question as to his credibility [i]s properly entrusted to the jury," *United States v. Gudino,* 432 F.2d 433, 434 (9th Cir. 1970), the evidence was sufficient to support the conviction. *See also Territory of Guam v. McGravey,* 14 F.3d 1344, 1345–49 (9th Cir.1994) (affirming conviction despite reliance on a single witness's testimony); *United States v. Smith,* 563 F.2d 1361, 1362–64 (9th Cir.1977) (same).

For the foregoing reasons, Foster's conviction is

**AFFIRMED.**

because no prejudice has been shown. *See United States v. Ortega–Ascanio,* 376 F.3d 879, 885 (9th Cir.2004) ("Even if the district court's reasoning was faulty, we may affirm the district court for any reason supported by the record.").