**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOUIS MICHAEL HEALY,

Defendant - Appellant.

No. 13-30226

D.C. No. 4:13-cr-00007-DLC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted July 11, 2014[**]
Portland, Oregon

Before: PAEZ, WATFORD, and OWENS, Circuit Judges.

Louis Michael Healy appeals his jury conviction and 327-month sentence

for assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153(a)

and 113(a)(6), aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153(a) and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2241(a)(2), and abusive sexual contact, in violation of 18 U.S.C. §§ 1153(a) and 2244(b). We have jurisdiction under 28 U.S.C. § 1291. We review de novo claims of insufficient evidence. *See United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010). We review for an abuse of discretion whether a sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We affirm.

Healy contends that there is insufficient evidence to support each of his three convictions. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of all three crimes beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

On his conviction for assault resulting in serious bodily injury, Healy argues that there is insufficient evidence that the victim suffered a "serious bodily injury." 18 U.S.C. §§ 113(a)(6), 113(b)(2), 1365(h)(3) (defining "serious bodily injury" as bodily injury that involves, among other things, "substantial risk of death" or "extreme physical pain"). However, a rational jury could have found beyond a reasonable doubt that Healy's choking the victim to the point of unconsciousness involved a "substantial risk of death," or that the victim's injuries to her throat, head, and vagina caused "extreme physical pain." *See United States v. Mejia-*

*Luna*, 562 F.3d 1215, 1222 (9th Cir. 2009) (existence of a serious bodily injury is a question for the jury dependent upon an evaluation of all of the circumstances and the jury's own judgment).

For his aggravated sexual abuse conviction, Healy contends that there is insufficient evidence that he caused the victim to engage in a sexual act "by threatening or placing [her] in fear that any person will be subjected to death, serious bodily injury, or kidnapping." 18 U.S.C. § 2241(a)(2). However, based on the victim's testimony, a rational jury could have found this element beyond a reasonable doubt. *See United States v. Gudino*, 432 F.2d 433, 434 (9th Cir. 1970) (per curiam) ("The testimony of the one witness, if believed, [is] sufficient to support [a] conviction, and the resolution of any question as to [the witness's] credibility [is] properly entrusted to the jury."). Moreover, the testimony of nurses and neighbors corroborated the victim's testimony.

Healy also argues that there is insufficient evidence that the sexual contact was "without [the victim's] permission" for his abusive sexual contact conviction. 18 U.S.C. § 2244(b). The victim testified that she repeatedly told Healy to stop and that the sexual contact was without her permission. Other witnesses corroborated her testimony. A rational jury could have found beyond a reasonable

doubt that the sexual contact was without the victim's permission. *See Gudino*, 432 F.2d at 434.

Finally, Healy contends that his sentence is substantively unreasonable. Healy's sentence, although at the high end of the advisory Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Healy's violent offense conduct and criminal history of two prior sexual assaults. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**