
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30058 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00121-BMM-1 |
| v. | |
| JWC, JUVENILE MALE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted May 7, 2015[**]
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and BAYLSON,[***] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael M. Baylson, Senior District Judge for the U.S.
District Court for the Eastern District of Pennsylvania, sitting by designation.

In this appeal, J.W.C. challenges the sufficiency of the evidence supporting his adjudication as a juvenile delinquent under the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5037, for committing sexual abuse on an Indian reservation in violation of 18 U.S.C. §§ 1153(a) and 2242(2)(B). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

J.W.C. argues there was insufficient evidence that he engaged in a sexual act with the victim. *See* 18 U.S.C. §§ 2242(2) ("sexual abuse" requires a "sexual act") & 2246(2)(A) (defining "sexual act"). The victim testified, however, that she awoke to find J.W.C.'s penis and finger in her vagina, and J.W.C.'s DNA was discovered on the victim's underwear. There thus plainly was sufficient evidence to sustain the conviction. *See* 18 U.S.C. § 2246(2)(A) ("[T]he term 'sexual act' means contact between the penis and the vulva . . . ."); *United States v. Gudino*, 432 F.2d 433, 434 (9th Cir. 1970) (per curiam) ("The testimony of the one witness, if believed, was sufficient to support the conviction . . . .").

**AFFIRMED.**